EDMUND A. PEARCE, SURVIVING PARTNER OF THE LATE FIRM OF E. A. PEARCE & SON, APPELLANT, vs. RICHARD THACKERAY AND POLLY THACKERAY, APPELLEES.

1. The Circuit Court, independent of express legislation, has the power to re-establish a judgment roll or entry when the original record is lost or destroyed.

2. The proper way to proceed is to show by affidavit what the lost record contained, and by motion after personal notice of the intention to move the Court. The notice must be sufficiently explicit to advise the opposite party of what is intended, as well as to enable him to controvert the affidavits.

3. After an appearance and argument of the motion upon the merits, any irregularity in the service of the notice is cured.

This is an appeal from a final order rendered in the Circuit Court for Escambia county.

The opinion contains a full statement of the case.

*C. W. Jones* for Appellant.

*Mallory & Maxwell* for Appellees.

WESTCOTT, J., delivered the opinion of the court.

This is an appeal from proceedings had in the first judicial circuit in Santa Rosa county, in which the court passed an order re-establishing a judgment roll and *fieri facias* issued thereon, which it was alleged had been destroyed by fire.

The plaintiffs in the court below (appellees here,) during term entered a motion " to establish the record and papers, and also the execution with its endorsements, in the case of Richard Thackeray and Polly Thackeray vs. Edmund A. Pearce, surviving partner, &c." With this motion they placed upon the files what purported to be true copies of the originals, which they alleged had been destroyed by fire.

There appears in the record a paper signed by plaintiffs' counsel, giving notice to defendant of the particular record which they would move to establish and of the day upon which they would bring the motion to the attention of the court, and upon this paper is endorsed a service upon the defendant by the sheriff of Escambia county, the proceeding having been instituted in Santa Rosa county, but the defendant being a resident of Escambia.

On the 23d of October, the day named for the hearing of the motion in the notice, an order was passed re-establishing the record.

From this order an appeal is now prosecuted to this court, and a reversal is prayed upon two grounds.

First. That the proceedings were had without legal and sufficient notice to the defendant in the case in which the judgment was rendered and the execution was issued.

Second. Because no proof of the destruction of the record was made.

Before examining these questions, we will remark that no point is made in this case involving the question whether this was such proceeding as could be made the subject of appeal. In this case this question makes no difference, as our conclusion would be the same in either event. The power of the court to establish this judgment roll and fi. fa. is not questioned, and it could not well be doubted, as it is an admitted and frequently exercised power both in the courts in England and the United States.

An examination of the authorities will show, however, that the precise method of procedure is not well settled in the United States.

In Alabama, the practice is to show by affidavit what the record contained, after personal notice of the intention to move the court, and it is required that the notice should be sufficiently explicit to advise the opposite party of what is intended and such as will enable him to controvert the affidavits submitted in support of the motion.

In other States, a somewhat different practice has prevailed.

This court, in Rhodes vs. Moseley, (6 Fla., 12,) intimate that the application should be by petition, with notice to the adverse party; but no question as to the form of proceeding was raised in that case, the proceeding there being instituted by the sheriff, who used the name of the plaintiff in execution, and the court set aside the proceeding on the ground that the sheriff could not institute such a proceeding, the action of the court below having been at his instance.

The method adopted in the case now before the court was by motion of the plaintiffs in execution, with notice to the defendant in execution, and is a substantial compliance with the practice in Alabama, where the subject underwent considerable investigation. We think this practice correct, and that it is attended with all the safeguards necessary to the due administration of justice in this respect. The practice in England is upon motion and rule to show cause. 2 Strange, 833.

The objection on the ground of a want of notice cannot be sustained in this case, even admitting that notice was necessary and it was not given. The record discloses that the defendant in execution appeared and opposed the motion upon the merits, one of the grounds upon which he opposed it being that there was no sufficient proof of destruction of the judgment roll and fi. fa. This being so, it is too late to except to the proceedings on account of a want of sufficient notice. The purpose of notice and of process issued upon the institution of a suit is to give the court jurisdiction of the person, and to enable the party to be heard in respect to the subject matter involved in the particular controversy; and if he appears and is heard upon the merits, as in this case, the object of the service is accomplished and its regularity becomes immaterial. Where there is an irregularity in the service and the defendant appears without taking the exception, it cures the defect.

The remaining ground upon which a reversal of the order is sought is, because no proof of the destruction of the record was made. It sufficiently appears from the record in this case that this position was taken in the court below, that it was overruled and that an exception to the ruling of the court in reference thereto was noted; but there is no portion of the testimony in reference to the destruction of the jndgment roll, or in reference to any other matter of evidence used upon the hearing of the motion, before this court.

The bill of exceptions in the record is nothing more than a simple statement of the grounds upon which the motion was opposed, the ruling of the court and the exception of the party to the ruling. It is plain that we cannot disturb the order upon this account, without having the necessary facts before us to review the action of the court in reference to them. Without the facts, we have nothing but the order of the court, and we cannot presume that it is wrong.

The order of the court below is affirmed.

NOTE.—Authorities as to power of the court: 2 Burr, 722; 1 Strange, 141; 2 Strange, 833, 1077, 1264; 1 Caines, 496; 8 Ala., 298.

Effect of general appearance: 3 Cranch, 496; 4 Cranch, 421; 13 How., 150; 8 Wheat., 699; Pet. C. C., 489.