Tiie ChieF Justice
delivered the opinion of the court.
This was an application by petition to the Circuit Court by defendant in error to re-establish a writ of execution issued upon a judgment in his favor against Penelope Hart, executrix, and Edwin A. Hart, executor of James L. Hart, deceased, rendered in the Circuit Court in Madison county, which execution is alleged to have been destroyed by fire. The petition did not show that either of the executors named had died, but notice of the filing of the petition and of application to the judge for an order re-establishing the writ was addressed to and served upon “W. C. McCall, executor of Penelope Hart, deceased, and as such, executor of James L. Hart, deceased.”
The judge of the court in Madison, Third Cirucuit, having been of counsel in the case, the proceedings were transferred to the Second Circuit, Leon county.
W. C. McCall having filed an answer denying that he *199 was ever the executor of the last will and testament of James L. Hart, deceased, and that he had ever administered the goods, &c., of his estate, or in any manner intermed-dled with the estate of James L. Hart, appeared and op-posed the order prayed for.
Nothing in the petition, notice or proofs showed that the original executrix .or executor of James L. Hart, against whom the execution was issued, had died, except that the notice served on McCall addressed him as executor of Penelope Hart, &c., as above stated. The matter was tried in open court, in term, April 2d, 1879, on which day the court ordered that the application be- denied, by an order signed and entered in the minutes of the court. On the 4th day of April, in the same term, the attorney for petitioner made a motion for a re-hearing, and that the judgment be opened for' that purpose, which motion was “ granted on condition that plaintiff give reasonable notice of the time and place of the re-hearing,” which order was signed by the judge and entered in the minutes of the court.
Afterward, the judge by an order allowed petitioner to amend the petition by alleging that said Penelope Hart had died "having made her last will and testament, and appointed therein Wilson C. McCall her executor, and your petitioner represents that the said Wilson C. McCall is executor of the estate of James L. Hart, deceased, by virtue of his appointment as executor of Penelope Hart, and has been served with notice as such execiitor.”
McCall filed an amended answer November 18, 1879, reiterating that he had in no manner intermeddled with or administered on the estate of James L. Hart, deceased, nor attempted to do so, and that he had long since filed in the office of the Probate Court of Madison county in said State, from which court the letters of executorship of this defendant issued, a renunciation of any right and all intention to act or become the executor of the estate of James L. Hart, deceased.” The renunciation appears to have been filed in the Probate office after the commencement of this proceeding.
Afterward, on the 17th January, 1880, upon more than ten days notice, and after hearing both parties, the judge at chambers, upon consideration of the petition and answer, made an order that the execution be re-established, and that the copy on file shall have the same validity as the original.
To this order McCall excepted and took a writ of error
Plaintiff in error seeks to reverse the order of the judge upon the following grounds:.
That the order of April 2, 1879, refusing the petition, was a final order and judgment, and that the order of April 4 having been made without notice to respondent, was irregular and void.
That the order of April 2 has not been set aside or an-, nulled.
That neither the original nor amended petition shows that either Penelope Hart or Edwin A. Hart was dead at the the time of filing the original petition.
That Edwin A. Hart, as surviving executor, should have been made a party to the proceeding, and the only party defendant, as it does not appear that he is dead.
That there were no competent parties defendant before the court.
That there was no issue upon the answer of defendant McCall, and no evidence connecting him with the estate of James L. Hart, deceased.
It was urged upon the argument that the proceeding to re-establish this writ was had under the provisions of chapter 3019, of the laws of 1877; that by section 4 of that act the issues'"shall be tried by that judge at chambers;” and the order or judgment having been made, no motion to vacate it could be lawfully entertained except upon ten days notice, as provided by chapter 3001, laws.of 1877.
But the order of April 2, 1879, was made in open court, in term time, and having been so made, and the court having power over its records and judgment during the term, it was competent for the court to open or set aside this order upon motion of parties or sw'sponte, in the same term, and to order a further trial or hearing. After this order for a new hearing the amendment of the petition alleging the death of Penelope Hart was made, due notice was given that the matter would be heard at a time and place designated, and McCall appeared and put in a further answer to the petition, as already stated, without objecting to the further hearing, but proceeding to a trial of the issues formed by the petition and answer as amended.
If there was any irregularity in these proceedings, not affecting the jurisdiction, it was waived by appearing and proceeding without objection to the same, and no objection can be entertained after judgment upon any ground so waived.
It appears that upon this new hearing the judge made the order re-establishing the execution by the copy presented with the petition, upon the notice to McCall, as executor of Penelope Hart. McCall denies that he is the executor of James L. Hart, by reason of having been appointed executor of the estate of Penelope, or that he has acted as such.
It is alleged that the judge erred in making this order as against him or upon notice to him, because it does not appear that Edwin A. Hart, the co-executor of Penelope, was dead, or that he had been removed or discharged before the death of his co-executrix.
It is an established rule that when one of several executors dies, no interest in his executorship is transmitted to his own executor, and the whole representation survives to the remaining executor, and to the executor of such survivor upon his death. 1 Lomax on Executors, 2 ed., 176; 1 Williams on Executors, 255.
As it does not appear that Edwin A. Hart, (who, as co-executor of James L. Hart, is one of the defendants in judgment upon which the alleged execution was issued, and against whom it was issued,) was dead, and as nothing appears 'in the proceedings upon which even a presumption of his death or of his removal or renunciation can arise, it cannot be concluded that the executorship of Penelope Hart, in the estate of James L. Hart, fell upon McCall as her executor, but the only presumption is that Edwin A. Hart survives, and that he is' the surviving executor of the estate of James L. Hart.
It follows that there was no evidence before the court connecting- McCall with the estate of James L. Hart, that the notice to him gave no ground for this proceeding and the estate is not bound by it, McCall being a stranger to that estate. There can be no power to grant the order without. due notice to a proper representative, under the act of 1877, chapter 3019. The record fails to show that the court had jurisdiction from the beginning, and the order and judgment of the court or'judge appealed from -must be vacated and set aside, without prejudice to the • rights of the parties as to new proceedings.
It is unnecessary, in view of this conclusion, to consider the question of the renunciation by McCall. If Edwin A. Hart survived Penelope, the renunciation was nugatory.
In any event it cannot be considered evidence as against the estate of James L. that Edwin A. was dead.
Judgment reversed without prejudice to other proceedings, with costs against defendant in error.