FRANK ROBERSON, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—ESTABLISHMENT OF LOST OR DE-STROYED RECORDS—TRIAL ON SUBSTITUTED COPY OF INDICTMENT—VERDICT AIDED BY RECORD—MALICE HOW MAY BE ESTABLISHED—JUDICIAL NOTICE OF COURT'S OWN RECORDS.

1. Sections 1523, 1527 and 1532 of the Revised Statutes, relating to the re-establishment of lost or destroyed papers, records, files and proceedings, apply as well to the re-estab-lishment of the papers, records, files and proceedings in a criminal case as to a civil case, and under the provisions

Roberson v. The State of Florida—Syllabus.

of such sections a lost or destroyed indictment in a criminal case may be re-established, if the copy produced for re-establishment be conclusively shown to be an exact and accurate copy of the lost original.

2. Under the provisions of section 1532 Revised Statutes, notice of an application to the court for the re-establishment of lost or destroyed papers, records, files and proceedings in a criminal case may be served upon the attorney of record for the defendant.

3. It is well-settled that a court of record of general jurisdiction has inherent power, independent of any statute, to re-establish its lost or destroyed records and proceedings.

4. After a criminal cause has been reversed by the appellate court on writ of error and a new trial awarded and the appellate court has sent its mandate to the trial court, on a second conviction and writ of error therefrom the appellate court will take judicial notice from its own records that prior to such second trial its mandate had been sent to such trial court reclothing it with jurisdiction to re-try such defendant, even though the transcript of record on such second writ of error fails to show the filing and lodgment of such mandate in the trial court prior to such second trial.

5. When an indictment is lost, the prosecution may proceed to trial on a substituted copy, if exact and the proof of it conclusive.

6. Where the verdict of the jury in a capital case is as follows: "We, the jury, find the defendant guilty of murder in the first degree, so say we all," such verdict is sufficient if the defendant tried is the sole defendant named in the indictment, and the record of the trial shows clearly who was referred to in the use of the word "defendant" in the verdict. The record in a cause may be resorted to in aid of a verdict, and when such record makes the verdict certain in every respect it is sufficient.

7. Malice need not be given express utterance to at the time of the killing, or at any other time, to constitute murder, but

such malice may be inferred from all the facts and circumstances of the case, though no expression of such malice may ever have been given utterance to by the accused at any time.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*B. B. MacDonell* and *Walker & Shaylor*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

TAYLOR, C. J.

This is the third appearance of this case here. The defendant (plaintiff in error) was indicted on the 15th day of August, 1899, in the Circuit Court of Duval county for the crime of murder, was there tried and convicted of murder in the first degree. On writ of error to this court such judgment of conviction was reversed and a new trial awarded. (Roberson v. State, 42 Fla. 223, 28 South. Rep. 424.) After such reversal the defendant was again tried in June, 1900, was again convicted of murder in the first degree, and such judgment of conviction on writ of error was again reversed here in March, 1901, and a new trial awarded. (Roberson v. State, 43 Fla.    , 29 South. Rep. 535.) In July, 1902, the defendant was again tried and again convicted of murder in the first degree, and again seeks reversal here by writ of error.

Before entering upon the last trial of the case the Circuit Judge, on motion of the State Attorney, after due prior notice of more than ten days given to the attorney of record for the defendant, and in the personal presence of the defendant, made an order re-establishing copies in lieu of the destroyed originals of the record minute entries of the two preceding arraignments, pleas of the defendant, empanelments of juries, trials, verdicts and sentences of the defendant, including the indictment and the record entries of its presentment in open court by the grand jury, and an *alias* of the last mandate from this court to the Circut Court showing the reversal by this court of such last former judgment of conviction and order for new trial, all of which was made necessary by the complete destruction of the originals of such records and files by the historic fire in Jacksonville of May 3, 1901. This proceeding was objected to at the time it was done by the defendant by a general objection, but without any assignment of any specific ground of objection, which objection was overruled and the order made re-establishing copies of such records in place of the destroyed originals thereof. This action of the court is assigned as error here.

Section 1523 of our Revised Statutes provides as follows: "All papers, written or printed, of any kind whatsoever, and the records and files of any official, court or public office, may be re-established in the manner hereinafter provided."

Section 1527 Revised Statutes provides in part as follows: "Any paper, record or file re-established shall have the force and effect of the original."

7 S. C.

Section 1532 Revised Statutes provides as follows: "Lost or destroyed proceedings, and any paper or files affecting them, in any suit pending and undetermined in any court, may be re-established as follows: The person desiring such re-establishment shall file a substantial copy of such proceeding or writing in the Circuit Court, and shall give ten days notice in writing to all parties to the suit or their attorneys of record, of an application to the court for the re-establishment of such proceedings, or paper, or file. Such notice shall be personally served at least ten (10) days before the time fixed for such application. Upon the hearing of such application the judge may, in such manner as he may think best, ascertain the facts, and upon such ascertainment determine the application."

The procedure here prescribed was complied with in the re-establishment of the indictment and other proceedings in the cause, and, consequently, the first and second assignments of error predicated thereon must fail. That the indictment and other proceedings thus re-established were exact and accurate copies of the destroyed originals, there can be no question, since the copies submitted for re-establishment appear by the certificate of the clerk of this court appended thereto to have been taken from the certified transcript of the record filed here in the case in the former writ of error proceedings. After verdict the defendant moved in arrest of judgment upon the following grounds: "1. Said court did not obtain jurisdiction in said cause to try this defendant at this Spring term, A. D. 1902, of said court, because, as will appear from an inspection of the record herein, this court granted a writ of error from the judgment of said court

convicting the defendant June 30, 1900, of murder in the first degree on the self-same charge as he has been convicted of in this case, upon which it also appears of record he was sentenced to death, said order of this court granting said writ of error, bearing date June 30, 1900, and being returnable to the Supreme Court of Florida on the second Tuesday of January, 1901; and the record thereof was pursuant to said writ of error filed and remained in the said Supreme Court. In support of this motion defendant refers to the certified copy of the transcript of record in said former judgment, as filed in said Supreme Court, and which certified copy was filed in this present case and made a part of the record herein, which, together with the copy of the original indictment in this cause, was by order of this court 'resetablished in the place of the original of said record, including said indictment destroyed by fire, and to stand in place of said originals in all things with the same force and effect as said original.' Said order of reestablishment bearing date June 10, 1902, as will further appear from said record so reestablished. The jurisdiction of said Supreme Court had not been divested at said 10th day of June, 1902, said record failing to show that any mandate from said Supreme Court had been issued or filed in this court.

2. Said records and files in said cause show that no mandate other than one in which 'duplicate' filed by the clerk of this court June 20, 1902, bearing date April 5, 1901, under the hand of the clerk of the Supreme Court of Florida, and under its seal, has been filed in said court in the said cause.

3. The record herein fails to show as a part thereof the mandate of the Supreme Court of Florida remanding

said cause for retrial to this court, although said record shows a writ of error issued by order of this court dated June 30, 1902, from the Supreme Court to this court to a judgment rendered against the defendant under the indictment originally found herein.

4. The record shows that the defendant was tried upon an alleged copy of the original indictment found against the defendant.

5. The defendant was tried upon a copy of the indictment found against him, under an order reestablishing said indictment under the provisions of law in the Revised Statutes of Florida applicable to civil cases only and not to criminal cases.

6. As will appear from said record no notice of application to reestablish said copies upon which defendant was tried, was served on the defendant personally.

7. As will appear from said record and from the papers filed June 21, 1902, marked 'duplicate,' being in form a mandate of the Supreme Court of Florida, the defendant was sentenced on a verdict of murder in the first degree June 30, 1902, that on said date writ of error was ordered by this court to the Supreme Court of Florida from said judgment returnable to the January term, 1901, in said Supreme Court, that said writ issued and that the said Supreme Court reversed the judgment in said cause March 5th, 1901, and remanded said cause to this court for a new trial, and further, after two regular terms of this court had elapsed since said judgment of reversal was rendered by said Supreme Court and since the mandate remanding said case to this court for a new trial was issued in which any action being taken in said case by this court and no new indictment having

---

---

been found by the grand jury said case was discontinued by operation of law.

8.  Said verdict does not show that it was rendered in this case, nor in what case it was rendered.

9.  For further reasons apparent on the face of said, record, and because no judgment against him, the said Frank Roberson, could be lawfully sentenced on said verdict."

The technical point is sought to be made in this motion that at the time of the last trial of the defendant the Circuit Court had not re-obtained jurisdiction of said cause after the same was formerly brought to this court by writ of error, because it did not affirmatively appear at the time of such trial that the last mandate of this court was of file in the Circuit Court. This contention is untenable.  The record shows that the mandate of this court was issued and sent to the Circuit Court on April 5th, 1901, and that a duplicate of such mandate was filed in the Circuit Court on June 21st, 1902.  The latter being filed presumably in consequence of the general destruction of the Circuit Court records by the fire of May 3rd, 1901.  But even without the presence of the duplicate mandate in the Circuit Court such court had full power to proceed with the trial because it was a fact that the cause had here been remanded for new trial on April 5th, 1901, and the mandate of this court then sent to the Circuit Court, all of which fully appears by the record here in the case, and of its own records this court, of course, takes judicial cognizance.

The next contention of the motion in arrest is that the defendant was tried upon an alleged copy of the indictment re-established by order of the Circuit Court.  Under this phase of the motion it is contended here that the

above quoted provisions of our Revised Statutes are applicable not to criminal cases, but to civil causes alone, and that in no event can a party accused of crime be tried upon a copy or re-established copy of the indictment against him. These contentions are untenable; the quoted provisions of our statute relative to the re-establishment of lost papers, records, files, &c., are broad enough to include and do include the re-establishment of lost proceedings, records, papers and files in criminal as well as in civil causes, but besides this it is well settled that courts of record of general jurisdiction have inherent power, independent of any statute, to re-establish its lost or destroyed records and proceedings. Pearce v. Thackery, 13 Fla. 574; Keen v. Jordan, Ibid. 327. While there is some conflict in the authorities on the subject, yet we agree with MR. BISHOP when he says: "The better opinion is that when the indictment is lost, the prosecution may proceed to trial on a substituted copy, if exact, and the proof of it conclusive." 1 Bish. New Crim. Pro. Sec. 1400; State v. Shank, 79 Iowa, 47, 44 N. W. Rep. 241; Miller v. State, 2 Kan. 174; Buckner v. State, 56 Ind. 208; Bradford v. State, 54 Ala. 230; State v. Gardner, 13 Lea (Tenn.), 134, S. C. 49 Am. Rep. 660; Epperson v. State, 5 Lea (Tenn.), 291; State v. Simpson, 67 Mo. 647; State v. Rivers, 58 Iowa, 102, S. C. 43 Am. Rep. 112.

In the case at bar the defendant had been formerly arraigned upon the original indictment, and had formerly assailed the lost original by motion to quash, and had formerly plead thereto upon two separate occasions. There was no error under the circumstances of the case, in putting the defendant to his trial upon the substituted copy of the destroyed indictment.

It is again contended that the proceedings for re-estab-

lishment of the destroyed papers were illegal because no prior notice thereof was served upon the defendant in person. This contention is untenable. The quoted statute expressly provides that the required notice may be served either upon the party personally or upon his attorney of record. The notice here was served upon the attorney of record for the defendant in both of the former trials, and who still appears here in the case under consideration of his attorney of record; and besides, the defendant was personally present when the application for re-establishment was presented and when action was taken thereon by the court.

The verdict of the jury in the case was as follows: "We, the jury, find the defendant guilty of murder in the first degree, so say we all. J. E. Pickett, foreman." It is contended by the motion in arrest of judgment that this verdict is illegal and insufficient because it does not show that it was rendered in this case, nor in what case it was rendered. The defendant was the sole party named in the indictment and was the only party tried; the record expressly named him throughout, and, as was practically held in the case of Williams v. State, decided at the present term, the record in a cause may be resorted to in aid of the verdict, and when such record makes the verdict certain in every respect it is sufficient.

The defendant requested the court to give the following charges, among others: "3. The legislature of this State passed an act in the year 1901, since the killing of the said Sadler, making the fact of carrying concealed on or about the person an offence; but at the time of the killing mentioned in the indictment, sheriffs, deputy sheriffs and constables could not under the law of this State, lawfully arrest a person without warrant for the bare

fact of carrying concealed weapons, whether such officer, making the arrest knew of his own knowledge or was informed of it by others, and whether it occurred in or out of the presence, unless it was done in such a manner or in such circumstances in the presence of the officer making the arrest, as to create, threaten or amount to a breach of the peace; and in the latter case the arrest would have been authorized, not by the bare fact of weapons being carried concealed by the person arrested, but because of the threatened or actual breach of the peace."

"4.  If the jury find from the evidence that the deceased Sadler arrested the defendant for carrying concealed weapons, but at the time of such arrest the said Sadler had no warrant authorizing him to do so, then the said Sadler acted unlawfully, and if you find from the evidence that the prisoner killed him without at the time having expressed malice towards the said Sadler, and fired the fatal shot while resisting such arrest, such killing would not amount to murder in either degree, but would constitute the crime of manslaughter, and the verdict should be that the defandant is guilty of manslaughter."

"6.  The law esteems human liberty when the citizen is in the peace of its commonwealth so highly that any attempt to arrest without authority of law is speaking a great provocation, and if such citizen kills an officer attempting to make an illegal seizure of his person, although such killing will be neither excusable nor justifiable, yet will not amount in law to more than manslaughter."  These charges were refused and are severally assigned as error.  The first of these refused instructions, numbered 3 had already been correctly given in substance,

Roberson v. The State of Florida—Opinion of Court.

and under the well settled rule here there was no error in refusing a reiteration of it, though couched in different language. The second of the refused instructions numbered 4 was properly refused because of its requirement that the defendant should at the time of the killing have *"expressed"* malice towards the deceased before the jury could convict of murder in either degree. Malice need not be given utterance to at the time of the killing to constitute murder, but may be inferred from all the facts and circumstances of the case, though no expression of such malice may ever have been given utterance to by the accused at any time. The third refused instruction, numbered 6, was properly refused because it erroneously converts every killing of an officer making an illegal arrest without warrant into manslaughter, regardless of the presence or absence of premeditation in such killing, which is not the law. Roberson v. State, 43 Fla. 156, 29 South. Rep. 535.

The denial of the defendant's motion for new trial is also assigned as error. The only ground of this motion not already disposed of is that the verdict is contrary to the evidence. We have given the evidence most careful consideration, and, while there are serious conflicts therein, yet we think that there is sufficient on the part of the prosecution to sustain the verdict, particularly in view of the fact that three separate juries have arrived at the same verdict upon substantially the same facts on the part of the prosecution. The jury by their verdict have settled the conflicts therein on the side of the truth of the charge, and it is not the province of this court to disturb their settlement of it.

Finding no errors in the record, the judgment of the circuit court in said cause is hereby affirmed.