FLORIDA CENTRAL RAILROAD COMPANY AND THE SEABOARD
AIR LINE RAILWAY, PLAINTIFFS IN ERROR, v. WILLIAM
M. BOSTWICK, DEFENDANT IN ERROR.

A proceeding in a pending suit to reestablish a lost declaration
and a lost plea is controlled entirely by section 1996 Gen-
eral Statutes of 1906, and no writ of error will lie from an
interlocutory order re-establishing such pleadings in such
pending suit.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the
court.

*J. C. Cooper and Geo. P. Raney,* for Plaintiffs in Error;

*Axtell & Rinehart,* for Defendant in Error.

HOCKER, J.: On the 20th of November, 1905, William
M. Bostwick, the plaintiff in the court below, after proper
notice, presented to the judge of the circuit court of Du-
val county an application for the re-establishment of an
alleged lost declaration and plea, in a suit pending and
undetermined in the circuit court of Duval county. The
application was accompanied by alleged copies of the lost
papers. The plaintiff in error, the defendant below, filed
an answer to the application, and upon a hearing the cir-
cuit judge made an order adjudging the copies offered
with the application to be substantial copies of the orig-
inals, which had been destroyed by fire, and that said cop-
ies should stand for and be taken in all respects as the

originals. From this order a writ of error was sued out by the plaintiffs in error.

It seems to be clear that the proceeding in this case to re-establish a lost declaration, and a lost plea in a pending suit is controlled entirely by section 1996, General Statutes of 1906 (section 1532 Revised Statutes of 1892), brought forward from Chapter 735, Acts of 1870. We are of this opinion because sections 1997 to 1999 inclusive. General Statutes of 1906, brought forward from Chapter 3019, Acts of 1877, and relating to a different subject matter, by express language relate to the re-establishment of *other lost papers than those embraced in section* 1996, which latter is entirely concerned in the re-establishment of a "lost or destroyed proceeding, and any paper or file affecting them *in any suit pending and undetermined in any court.*" Robinson v. State, 45 Fla. 94, 34 South. Rep. 294.

The application in the case at bar was made to re-establish a destroyed declaration and plea, in a suit pending and undetermined in the circuit court of Duval county. We therefore are of opinion that the application of the procedure provided in sections 1997, 1998 and 1999 General Statutes of 1906, to the facts of the instant case as is attempted to be done would be in conflict with the express provisions of the statute. Section 1996, in so far as it authorizes the circuit courts to re-establish lost or destroyed declarations or pleas in causes pending in those courts, is simply declaratory of the common law. It was said by this court in Keen v. Jordan, 13 Fla. 327, that the power to supply a new record, when the original had been lost or mislaid, pertains to the court in which the record was made, and is a power possessed independent of legislation by courts of general jurisdiction.

In Pearce v. Thackeray, 13 Fla. 574, the same doctrine is announced. It is also asserted in Robinson v. State, 45 Fla. 94, 34 South. Rep. 294, where a general objection to the motion to re-establish an indictment was disregarded. In Pearce v. Thackeray, 13 Fla. 574, this court took occasion to remark that no point was made involving the question whether a proceeding to establish a lost record of the court could be made the subject of appeal. As the decision would have been the same in either event (says the court) the court simply proceeded to affirm the action of the lower court in re-establishing a judgment roll and *fieri facias.* We are of opinion that a writ of error will not lie from an order re-establishing a record of the court in a pending suit, for the apparent reason that such an order in a common law cause is not a final judgment from which a writ of error will lie under section 1692, General Statutes of 1906 (the original act being Chapter 521, Laws of 1853).

This being an interlocutory order in a pending suit, undisposed of, the parties, in order to have it reviewed, will have to await a final judgment in the pending suit in which it was made. What is said will not apply to proceedings for the establishment of lost papers and records that are not connected with any suit pending and not disposed of, and where such establishment is the sole and ultimate relief sought by such proceedings. The writ of error in this case is dismissed at the cost of the plaintiff in error.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J. and WHITFIELD, J., concur in the opinion.

COCKRELL, J., disqualified.