FLORIDA CENTRAL AND WESTERN RAILROAD COMPANY,
Appellant, v. WILLIAM M. BOSTWICK AND OZIAS
BUDDINGTON, SURVIVING EXECUTOR OF THE LAST
WILL OF ISAIAH D. HART, DECEASED, Appellees.

LOST PROCEEDINGS IN UNDETERMINED SUIT—HOW ESTABLISHED—
HOW CONTESTED—SECTION 1996 GENERAL STATUTES CON-
STRUED.

1. Section 1996 of the General Statutes of 1906 makes provision
for the re-establishment of lost or destroyed proceedings or
papers in pending causes that are undetermined. By its pro-
visions, either the *entire proceedings* in such a cause, if lost or
destroyed, or any separate paper or file therein that has been
lost or destroyed, may be established.

2. When under the provisions of section 1996, General Statutes
of 1906, the application by one of the parties for re-estab-
lishment of the proceedings in a pending and undertermined
cause, shows that the *entire record and proceedings* in such cause
have been lost or destroyed, and that such re-establishment is
sought for the purpose of bringing such cause to a determina-
tion, the party or parties to such suit who have been served
with notice of such application for re-establishment may by
an answer to such application bring the fact to the attention
of the court that the papers, files, proceedings and evidence
exhibited for re-establishment with such application and sought
thereby to be re-established, do not constitute *all of the entire*
lost or destroyed papers, files, proceedings and evidence in
such cause; and such answer may exhibit for re-establishment,
with proper proofs thereof, substantial copies of any of the lost
or destroyed papers, files, proceedings or evidence in such
cause that have been omitted from such application, and upon
proper proofs that they are substantial copies of the lost or
destroyed originals thereof, the court should order the re-
establishment of such omitted papers, proceedings, records,
files and evidence exhibited with such answer in the same order
that re-establishes the papers, proceedings, &c. exhibited for
re-establishment by the original application. In such cases
the judge should be careful to re-establish, if possible, the
*entire* lost or destroyed record and proceedings in such cause,
and not a mere part or portion thereof, that are especially
sought to be re-established by the one side or the other in said

cause.   The investigation in such a case should be limited to the inquiry; what was the substance of the original record sought to be restored?

This case was decided by Division B.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney* and *J. C. Cooper,* for appellant;

*Axtell & Rinehart,* for appellees.

TAYLOR, J.—William M. Bostwick sued the appellant railroad company in ejectment in the circuit court of Duval county for recovery of the possession of lot 27 and the east half of lot 28 abutting upon the St. Johns river in the city of Jacksonville.   The defendant railroad company then filed its bill in equity in the circuit court of Duval county against the said Bostwick and one Ozias Buddington as surviving executor of the last will and testament of Isaiah D. Hart, deceased, alleging that the said lots of land formerly belonged to said Hart who was a stockholder and director in said railroad company; that said Hart died about the year 1861; that in May, 1857, in consideration of $10,800 of the capital stock of said railroad company's predecessor then issued and delivered to him the said Hart sold and agreed to convey to said railroad company the said two lots with others, and then placed the said company in the actual possession thereof and that it had ever since continued in such possession using such land for its railway tracks, depots, warehouses, etc.; that after Hart's death the said Buddington as his surviving executor, procured the sale of said lots by

an order of the county judge of said Duval county, and that at the sale thereof by a commissioner the said Bostwick became the purchaser thereof, but that at said sale before his purchase thereof the said Bostwick was given full notice of the claims and status of said railroad company towards said property and that he bought with full notice thereof. The bill prayed that said ejectment suit might be enjoined and that the deed of the commissioner to said Bostwick under said probate court proceedings might be cancelled and annulled, and that the said Buddington as executor of Isaiah D. Hart might be ordered and decreed to convey said lots to the complainant railroad company. Temporary injunction was granted as prayed, restraining the further prosecution of said ejectment suit until the further order of the court. The defendants answered the bill, replications to the answers were filed, a master was appointed to take and report the evidence; a large amount of evidence was taken and reported by the master and upon the pleadings and report of the testimony by the master the cause was awaiting final hearing and disposition by the chancellor, when the historic fire of the 3rd day of May, 1901, occurred in the city of Jacksonville in which all of the records and proceedings in said equity cause were practically destroyed by said fire including the evidence taken and reported therein. Because of the disqualification of the judge presiding over the circuit court of Duval county the cause had been transferred to the circuit court for Alachua county.

On June 6th, 1907, the defendant in said equity cause, William M. Bostwick, filed his petition in the circuit court of Alachua county, under the provisions of section 1996 General Statutes of 1906, for the re-establishment of the lost and destroyed papers and records and files in said cause enumerating divers and various papers, depositions,

affidavits, agreements of counsel, and parts of the evidence in said cause and the pleadings therein in his said application for re-establishment. To this application for re-establishment the complainant railroad company filed an answer, admitting the practical destruction of the papers, files and proceedings in said cause by said fire, but alleging that in divers specified particulars the copies presented of the destroyed papers and proceedings for reestablishment by the said defendant were not substantial copies of the destroyed originals, and alleged further that the papers and proceedings prayed to be re-established by the said Bostwick do not constitute all of the proceedings in said cause existing on the said 3rd day of May, 1901; that certain evidence introduced before the master consisting of various pertinent excerpts from the record books of the Florida, Atlantic and Gulf Central Railroad and referred to in said answer as Master's Exhibits A, B, C, D and E, were totally destroyed by said fire and were a part of the evidence taken by the master in said cause, and were omitted from the said petition for re-establishment filed by the said defendant Bostwick. That there were other specified papers, pleadings, orders and proceedings in said cause also destroyed by said fire that were omitted from the application of the said defendant Bostwick for re-establishment. The said answer of the complainant exhibited substantial copies of all of said alleged omitted evidence, papers, orders, pleadings and proceedings in said cause, and said answer prayed that all of the same might be re-established in place and stead of the destroyed originals thereof in and by the same order re-establishing the papers and proceedings in said cause sought in the petition of said Bostwick to be reestablished.

On the hearing of the said application for re-establishment of said destroyed papers and proceedings the

defendant Bostwick moved the court to strike from the said answer of the complainant to said re-establishment proceeding all that part of said answer that alleged that divers papers, evidence, pleadings, orders and proceedings in said cause had also been destroyed and had been omitted from said defendant's application for re-establishment of the proceedings in said cause and praying that the said omitted matter might also be re-established along with the other parts of said proceedings sought to be re-established by said defendant Bostwick.   This motion to strike was granted by the judge to which exception was taken and such ruling is assigned as error.   The defendant Bostwick also filed objections to said answer in said re-establishment proceeding covering the same matter and grounds included in his said motion to strike part of said answer.   These objections to said answer were also sustained by the judge, and this ruling is also assigned as error.   The complainant railroad company then filed an application for rehearing of the said motion to strike part  of the answer filed by it in said re-establishment proceeding.   This application was also denied except in some unimportant particulars, and this ruling is also assigned as error.   All of these orders and rulings in said re-establishment proceeding in said cause, the complainant has brought here for review by appeal.   The court below erred in these rulings.

Section 1996 of the General Statutes of 1906, under which this re-establishment proceeding was had, provides as follows:  "Lost or destroyed proceedings, and any paper or file affecting them, in any suit pending and undetermined in any court, may be re-established as follows: The person desiring such re-establishment shall file a substantial copy of such proceedings or writing in the circuit court, and shall give ten days notice in writing to all parties to the suit or their attorneys of record, of an

application to the court for the re-establishment of such proceedings, or paper or file. Such notice shall be personally served at least ten days before the time fixed for such application. Upon the hearing of such application the judge may, in such manner as he may think best, ascertain the facts and upon such ascertainment determine the application."

It will be observed that this provision of law is applicable to the re-establishment of lost or destroyed proceedings or papers in pending causes that are undetermined, and that by its terms either the *entire proceedings,* or any separate paper or file affecting such a cause may be re-established when lost or destroyed. The application of the defendant Bostwick for re-establishment showed practically that the *entire* proceedings in said cause and every part thereof had been destroyed in the disastrous fire in Jacksonville of May 3rd, 1901. The answer of the complainant in said cause showed that the copies of the papers and proceedings presented for re-establishment with the application of the defendant Bostwick were not copies of the *entire proceedings* in said cause that had been so destroyed and exhibited to the court, with substantial proofs thereof, substantial copies of divers other material papers, evidence, pleadings and proceedings in said cause,' that had also been destroyed by said fire, that had been omitted from the application for re-establishment of said defendant Bostwick, and prayed that the said omitted parts of said proceedings in said cause should be re-established along with the other parts thereof in the same order of re-establishment. In other words the effort of the complainant railroad company by its answer was to secure a *complete* re-establishment of the *entire* destroyed proceedings in said cause, instead of the partial re-establishment sought by the application of the defendant Bostwick. According to our interpretation of the quoted pro-

vision of the statute, when an application is made, as here, to re-establish the destroyed *proceedings* in a pending and undetermined cause if it shall appear that the *entire proceedings* in said cause have been destroyed, and that the re-establishment is sought for the purpose of having said cause brought to a determination, that the judge should be careful to re-establish the *entire* record and proceedings in said cause, and not a mere part or portion thereof that are especially sought to be established by the one side or the other in said cause. The investigation in such a case should be limited to the inquiry: What was the substance of the original record sought to be restored? Vail v. Iglehart, 69 Ill. 332; Kehoe v. Rounds, 69 Ill. 351; Pearce v. Thackeray, 13 Fla. 574. Any other course opens too wide a door to imposition and injustice. The court in making an order for the re-establishment of a part only of the proceedings constituting the record in said cause as and for the entire record therein erred and put it in the power of the party applying for such partial restoration to perpetrate wrong and injustice upon the other party to said cause. An answer, such as was filed here by the complainant to such application for re-establishment, was the proper way to bring it to the attention of the court that a partial re-establishment only was sought, and that *entire* restoration was proper to be done. The orders of the court appealed from in said cause are hereby reversed at the cost of the appellee William M. Bostwick, and the cause remanded with directions for the rendition of an order therein re-establishing the entire record and complete proceedings in said cause including all of the copies of the destroyed papers, evidence and proceedings in said cause that were exhibited to the court for re-establishment with the answer of the complainant railroad company to the petition of the defendant, Bostwick, for re-establishment,

unless the petitioner, Bostwick, can show at the hearing of said petition by a preponderance of proofs that such exhibits are not substantial copies of the destroyed originals thereof, or that there were in fact no such originals.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and WHITFIELD, J., concur in the opinion.

COCKRELL, J., disqualified.