ALICE SELPH AS ADMINISTRATRIX OF THE ESTATE OF DUVALL SELPH, DECEASED, *Plaintiff in Error,* v. *D. W.* PURVIS, AS SHERIFF AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF J. D. TAYLOR, DECEASED, *Defendant in Error.*

LOST PAPERS—ESTABLISHMENT OF—DEGREE OF PROOF.

Due regard to individual rights, as well as public policy, requires that in cases for the establishment of lost instruments, the proofs as to the contents, or the substance of the contents of the operative parts of such instruments, should be clear and satisfactory.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* and *A. B. Small,* for Plaintiff in Error;

*Boozer & Gillen,* for Defendant in Error.

TAYLOR, J.—The plaintiff in error as petitioner below filed her petition in the Circuit Court of Columbia County against the defendant in error as defendant below, praying for the establishment of an alleged lost and destroyed summons *ad respondendum* with an alleged return of service thereon by the sheriff upon the defendant named in said summons in a suit pending in said court wherein Alice Selph as Administratrix of Duval Selph deceased was plaintiff and J. D. Taylor was defendant, also for the establishment of an alleged lost or destroyed appearance by attorneys alleged to have been filed in said cause for the defendant therein.

The defendant answered the petition denying, in effect, that there was ever in actual existence any summons in said cause with a return of the sheriff thereon showing service thereof on the defendant therein J. D. Taylor; and denying that there was ever in fact any appearance filed in said cause for or on behalf of the defendant J. D. Taylor therein. The cause was heard by the judge upon affidavits *pro* and *con,* and the judge made an order denying and dismissing the petition, and for review of this judgment the petitioner below brings the case here by writ of error.

In the case of Fries v. Griffin, 35 Fla. 212, 17 South. Rep. 66, it was said that: "A due regard to individual rights, as well as sound public policy, requires that in cases for the establishment of lost instruments, the proof as to the contents, or the substance of the contents of the operative parts of such instruments, should be clear and satisfactory." Guided by this rule we cannot adjudge the ruling of the judge below to have been erroneous. The

preponderance of the evidence before him was to the effect. that there never was in fact a summons in said cause with a return of the sheriff thereon showing service thereof on the defendant therein; and the preponderance of the proofs showed the following facts with reference to the alleged lost appearance for the defendant in the cause; Some attorney representing the defendant in the cause on or about the return day of the summons issued therein handed an appearance for the defendant to the clerk of the court with instructions that the same should not be filed until service of the summons in the case had been made on the defendant and duly returned, but if such service was effected and return made thereof to then file such appearance. No service was ever made or return thereof filed, but the clerk through inadvertence filed such appearance, and subsequently, still through inadvertence, entered a default and final judgment in the cause, but upon the matter being called to his attention endorsed on the margin of the judgment that it was entered by him without authority and through inadvertence and mistake. Subsequently the judge on the application of the attorneys who had left said appearance in the cause with the clerk permitted them to withdraw the same from the files, as having been filed by inadvertence and mistake.

Objections were made at the hearing to the admission and consideration of various affidavits exhibited in opposition to the application. There was no error in the admission or consideration of any of these affidavits. They were entirely pertinent and material to the issue before the court and were proper to be considered.

Finding no error the judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

All concur.