ROLAND HALL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed October 9, 1924.

In proceedings to re-establish. an indictment charging murder in the first degree, to which the accused had not pleaded, testimony showing merely that the copy adduced is a substantial copy of the 'original destroyed indictment, is insufficient as an evidentiary predicate for reestablishment.

A writ of error to the Circuit Court for Bay County, D. J. Jones, Judge.

Reversed.

*J. Ed Stokes, E. Dykes* and *E. C. Boswell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WHITFIELD, J.—This Writ of Error was taken to a conviction of murder in the second degree in a trial had in 1922 in the Circuit Court for Bay County, upon a reestablished copy of an indictment charging murder in the first degree committed in 1917. The original indictment was found in 1917, but it was destroyed by fire in 1920,

before the defendant had been arraigned or tried thereunder.

The Constitution provides that "no person shall be tried for a capital crime or other felony, unless upon presentment or indictment by a grand jury, except" in cases not material here.   Sec. 10, Declaration of Rights.

The Statute provides that "no person shall be tried for felony in the Circuit Court except upon indictment found by the grand jury".   Sec. 6058, Rev. Gen. Stats. 1920.

Other statutes provide that "all papers, written or printed, of any kind whatsoever, and the records and files of any official, court or public office, may be re-established in the manner hereinafter provided."   Sec. 3246 Rev. Gen. Stats. 1920.

"Nothing herein contained shall prevent the re-establishment of lost papers, records and files at common law or in equity in the usual manner.   Sec. 3249, Rev. Gen. Stats. 1920.

"Any paper, record or file re-established shall have the force and effect of the original."   Sec. 3250, Rev. Gen. Stats. 1920.

"Lost or destroyed proceedings, and any paper or file affecting them, in any suit pending and undetermined in any court, may be re-established as follows:

"The person desiring such re-establishment shall file a substantial copy of such proceedings or writing in the circuit court, and shall give ten days' notice in writing to all parties to the suit or their attorneys of record, of an application to the court for the re-establishment of such proceeedings, or paper or file.   Such notice shall be personally served at least ten days before the time fixed for such application.   Upon the hearing of such application the judge may, in such manner as he may think best,

ascertain the facts, and upon such ascertainment determine the application. Sec. 3264 Rev. Gen. Stats. 1920.

The State Attorney who drew the original indictment in 1917, testified in 1922, that the allegations of the lost indictment were "substantially as contained in the copy" and that he had not read the original indictment since it was returned in court in 1917.

The order re-establishing the indictment is as follows:

"This cause coming on to be heard upon petition of the State of Florida by L. D. McRae, State Attorney for an order herein to reestablish the indictment charging the said defendant Roland Hall with the crime of murder in the first degree in the unlawful killing of one W. L. DuBose, said indictment having been heretofore on the 22nd day of March A. D. 1917 returned against said defendant herein which said indictment was on the 18th day of November, 1920 ,destroyed by fire and the State of Florida being represented by L. D. McRae, State Attorney and the defendant being personally present and being represented by counsel and the Court having heard the petition aforesaid and the evidence submitted by the said respective parties and having heard the argument of counsel for the respective parties and duly considered same and being advised of its opinion in the premises. It is therefore ordered, adjudged and decreed that the prayer of said petition be and the same is hereby granted. It is further ordered and adjudged that the copy of said indictment attached to said petition be and the same is hereby adjudged to be a substantial copy of said original destroyed indictment and that said original destroyed indictment be and the same is hereby re-established in and by said copy which said copy shall have in all respects the same force and effect as the said original."

In Roberson v. State, 45 Fla. 94, 34 South. Rep. 294,

where the indictment for murder in the first degree was re-established upon the production of a certified copy of the original indictment, which copy had been filed in the Supreme Court upon a former writ of error taken to a conviction of the defendant when tried upon the original indictment, this Court said: A ground of the motion in arrest of judgment "is that the defendant was tried upon an alleged copy of the indictment re-established by order of the Circuit Court. Under this phase of the motion it is contended here that the above quoted provisions of our Revised Statutes are applicable not to criminal cases, but to civil causes alone, and that in no event can a party accused of crime be tried upon a copy or re-established copy of the indictment against him. These contentions are untenable; the quoted provisions of our statute relative to the re-establishment of lost papers, records, files, etc., are broad enough to include and do include the re-establishment of lost proceedings, records, papers and files in criminal as well as in civil causes, but besides this it is well settled that courts of record of general jurisdiction have inherent power, independent of any statute, to re-establish its lost or destroyed records and proceedings. Pearce v. Thackery, 13 Fla. 574; Keen v. Jordan, Ibid. 327. While there is some conflict in the authorities on the subject, yet we agree with Mr. Bishop when he says: "The better opinion is that when the indictment is lost, the prosecution may proceed to trial on a substituted copy, if exact, and the proof of it conclusive." 1 Bish. New Crim. Pro. Sec. 1400; State v. Shank, 79 Iowa, 47, 44 N. W. Rep. 241; Miller v. State, 2 Kan. 174; Buckner v. State, 56 Ind. 208; Bradford v. State, 54 Ala. 230; State v. Gardner, 13 Lea (Tenn.) 134, S. C. 49 Am. Rep. 660; Epperson v. State, 5 Lea (Tenn.) 291; State v.

Simpson, 67 Mo. 647; State v. Rivers, 58 Iowa, 102, S. C. 43 Am. Rep. 112.

"In the case at bar the defendant had been formerly arraigned upon the original indictment, and had formerly assailed the lost original by motion to quash, and had formerly plead thereto upon two separate occasions. There was no error under the circumstances of the case, in putting the defendant to his trial upon the substituted copy of the destroyed indictment." The court held that "a lost or destroyed indictment in a criminal case may be re-established, if the copy produced for re-establishment be conclusively shown to be an exact and accurate copy of the lost original." See Ann. Cas. 1913E. 606 and note; State v. Ireland, 109 Me. 158, 83 Atl. Rep. 453, 41 L. R. A. (N. S.) 1079; 14 R. C. L. 162; 31 C. J. 596.

While the statute requires a substantial copy to be presented to the judge or court for purposes of re-establishment, it also provides that "upon the hearing of such application the judge may, in such manner as he may think best, ascertain the facts, and upon such ascertainment determine the application." These statutory provisions clearly mean that the proofs adduced must warrant a re-establishment of the particular document under controlling rules of law.

In view of the provisions of the constitution and the statute that no person shall be tried for a capital crime except upon an indictment by a grand jury, and considering the sanctity of human life, it was properly held in the Roberson case, *supra,* that an indictment is legally re-established "if the copy produced for re-establishment be conclusively shown to be an exact and accurate copy of the lost original."

In this case it appears that the judge found and adjudged from the evidence that the copy adduced was "a

substantial copy of said original destroyed indictment;'' and the evidence would support no other finding.

The State Attorney may have presented the best evidence available as to the contents of the destroyed original indictment, yet while the evidence is found to be true in point of fact, still it is insufficient in law as an evidential predicate on which to re-establish a destroyed original indictment for murder in the first degree, at least where the accused has not been arraigned on or has not plead to the original indictment. ''A substantial copy'' and a copy ''conclusively shown to be an exact and accurate copy'' are materially different, at least in a judicial trial on an indictment charging a capital crime.

Reversed.

TAYLOR, C. J., AND ELLIS, WEST AND TERRELL, J. J., concur.

Browne, J., concurs in the conclusion.