W. O. BURLESON AND ALLIE BURLESON, HIS WIFE, *Appellants*, v. JESSE FRENCH & SONS PIANO COMPANY, *Appellee*.

En Banc.

Opinion Filed June 9, 1925.

1. In an equitable cause a demurrer to the bill should be supported by the oath of the demurrant or his agent or attorney that it is not interposed for delay.

2. A bill to establish a lost conditional contract of sale of personal property and for a personal decree against the defendant party to the contract for the amount of money found to be due thereunder is without equity.

An Appeal from the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Order reversed.

*Kehoe & Adams*, for Appellants;

*Leroy V. Holsberry* and *L. V. Trueman*, for Appellee.

ELLIS, J.—The appellee sold a piano to Mrs. Burleson upon the installment plan, retaining by contract the title to the instrument until the notes, which were given for the deferred payment, should be paid in full. Mrs. Burleson failed to make payment of the notes as they became due and appellee applied to her for return of the instrument. She had removed to Pensacola but wrote the appellee that J. B. Sutton had the instrument and gave the appellee an order on him for its delivery upon the surrender to him of the notes and contract. The appellee forwarded the notes and contract to Sutton and requested him to ship the piano

according to shipping directions given him. After some delay he wrote that he had lost the notes and contract and did not have the piano.

The appellee then brought its bill in chancery to establish the lost papers against Mr. and Mrs. Burleson and for a personal decree against Mrs. Burleson for the amount due with interest and attorney's fees and in default thereof that the defendants be decreed to deliver up the piano to the Jesse French & Sons Piano Company.

A demurrer interposed to the bill upon the ground of a lack of equity, October 6, 1922, was overruled.

An amended demurrer was then filed November 6, 1922. A motion to strike this demurrer was granted January 11, 1923, and defendant appealed from that interlocutory order on April 2, 1923.

The demurrer was not sworn to and was therefore properly stricken from the files. Rule 48 Equity Actions.

The first demurrer, which was overruled October 6, 1922, should have been sustained. The complainant has an adequate remedy at law for the recovery of the instrument in which proof of the contents of the lost papers could be established by secondary evidence. The bare allegations that the notes and contract were lost affords no ground of equitable relief, while a judgment against the makers or a return of the property is relief obtainable at law. See Griffin v. Fries, 23 Fla. 173, 2 South. Rep. 266, 11 Am. St. Rep. 351.

Order reversed with directions to dismiss the bill.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.