STATE, ex rel. Ida L. Broward, v. J. Ollie Edmunds, County Judge.

153 So. 850.
Opinion Filed April 2, 1934.
Petition for Rehearing Denied April 20, 1934.

*Lee Booth* and *Fred M. Burns,* for Petitioner;

*John C. Cooper, Jr., C. C. Copp* and *Knight, Adair, Cooper & Osborne,* for Respondent.

WHITFIELD, J.—In mandamus proceedings it appears that Ida L. Broward filed in the County Judge's Court in Duval County, Florida, a third amended petition in which it is in effect alleged that petitioner and Charles M. Kaufman were married May 5, 1899, and that they were divorced July 12, 1922; that Charles M. Kaufman died in Duval County, Florida, May 1, 1932; that prior to his death, Charles M. Kaufman on June 1, 1924, made and executed his true and only last will and testament wherein petitioner was named residuary legatee and devisee of the estate of said Charles M. Kaufman; that on May 5, 1932, after the death of Charles M. Kaufman, there was offered and admitted to probate in the County Judge's Court, an instrument in writing purporting to be the last will and testament of said Charles M. Kaufman, the same bearing date of January 31, 1925, which instrument purported to devise and bequeath the estate of Charles M. Kaufman to others than the petitioner; that the executors named in said will were appointed as such executors and are now so acting; that the last mentioned instrument is not in truth and in fact the true, genuine last will of Charles M. Kaufman, because at the time of its execution he was not of sound and disposing mind and memory, nor was he in any respect capable of making a will; and that said written instrument was procured by and through undue influence exerted over said Kaufman by Clara Liebman and Joseph Liebman, her husband, and certain other parties to petitioner unknown; that

on June 1, 1924, in Denver, Colorado, the said Charles M. Kaufman made and executed his true, genuine and only last will and testament, in which last will petitioner was made residuary legatee and devisee; that said last will remained at his death the last will of Charles M. Kaufman; that said last will was lost or removed or stolen from among the papers of Charles M. Kaufman and is now lost, concealed, suppressed or destroyed; that said last will and testament has never been offered or admitted to probate in any court having jurisdiction; "that said testator in said last will and testament nominated petitioner as and for the executor thereof."

"Wherefore this petitioner prays that the probate of the aforesaid purported Last Will and Testament, dated the 31st day of January, A. D. 1925, heretofore granted by this Honorable Court, be revoked in accordance with the statutes in such cases made and provided and that the aforesaid Last Will and Testament of the aforesaid testator, dated the 1st day of June, A. D. 1924, which is now lost, concealed, suppressed or destroyed, be admitted to probate and that letters testamentary thereon may issue to this petitioner, after proper hearing and proof, and that all other orders necessary may be made."

A motion to dismiss the petition contained a ground (6th) that the County Judge's Court "has no jurisdiction to re-establish a lost or destroyed will."

The County Judge entered the following order:

"This cause coming on this day to be heard upon the respondent's sixth ground of their motion to dismiss (said ground being that this Court has no jurisdiction to re-establish a lost or destroyed will) the third amended petition of Ida L. Broward and the Court having been fully advised in the premises, it is thereupon ordered and ad-

judged that the respondent's motion to dismiss be and the same is hereby granted upon the ground that this Court has no jurisdiction to re-establish an alleged lost or destroyed will of the decedent who died prior to the effective date of the Probate Act of 1933, and the said petition be, and the same is hereby dismissed."

The court granted an alternative writ of mandamus to test the jurisdiction of the County Judge to order the re-establishment of an alleged lost or destroyed will which had never been presented or made a record in the office of the County Judge.

The respondent Judge demurred to and moved to quash the alternative writ, one of the grounds being:

"4. This Respondent, as County Judge of Duval County, Florida, has no jurisdiction to re-establish an alleged lost or destroyed will of a decedent who died prior to the effective date of the Probate Act of 1933 (Chapter 16103, Laws of Florida, 1933)."

Unless otherwise provided by controlling law, every court of general jurisdiction has inherent power, by appropriate procedure, to re-establish its own records, when they have been lost or destroyed. Kee v. Jordan, 13 Fla. 327; Pearce v. Thackeray, 13 Fla. 574. See Hall v. State, 88 Fla. 239, 101 So. 847, Roberson v. State, 45 Fla. 94, 34 So. 294. The statute prescribes the procedure. F. C. & W. Ry. Co. v. Bostwick, 55 Fla. 665, 45 So. 1033; Jones v. Escambia Land & Mfg. Co., 55 Fla. 783, 46 So. 290; Selph v. Purvis, 57 Fla. 188, 49 So. 289; Hart v. Smith, 17 Fla. 767; 19 Am. & Eng. Enc. Law (2nd Ed.) 559; Davidson v. Powers, decided at this term.

Courts of equity have power to re-establish lost papers other than their own records where the moving party shows a right to the relief sought in the equity forum. Griffin

v. Fries, 23 Fla. 173, 2 So. 266, 11 Am. St. Rep. 351; Burleson v. Jesse French & Sons Piano Co., 90 Fla. 16, 104 So. 860.

The probate of a will is a proceeding *in rem* and the original will or a duly re-established copy of it must be produced before a County Judge can order it probated; and the organic and statutory provisions applicable here do not authorize the County Judge to re-establish an alleged lost will that had not been made a record in his office.

The Constitution provides that:

"The County Judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the Legislature may prescribe. The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to order the sale of real estate of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate. He shall have the power of a committing Magistrate and shall issue all licenses required by law to be issued in the County." Sec. 17, Art. V.

A County Judge has jurisdiction in probate matters, but not in chancery. Mott v. First Nat. Bank, 98 Fla. 444, 124 So. 36.

The Constitution provides that the Circuit Courts shall have original jurisdiction of stated actions "and of such other matters as the Legislature may provide." Sec. 11, Art. V; and the statute provides that:

"All papers, written or printed, of any kind whatsoever, and the records and files of any official, court or public

office, may be re-established in the manner hereinafter provided." Sec. 5054 (3226) C. G. L.

"All proceedings had under the provisions hereof shall, if the re-establishment be sought of a record or file, be had in the circuit court of the county where such record or file existed before the loss or destruction thereof; and if it be a private paper, in the circuit court of the county where any person to be affected thereby shall live, or if such persons be non-residents, then in the circuit court of any county in which the person` seeking the re-establishment may desire." Sec. 5056 (3247) C. G. L.

The alleged lost will in this case was never made a record in the County Judge's Court; and conceding that within its *probate powers* conferred by the Constitution, the County Judge's Court is a court of general jurisdiction with power to re-establish *its own records,* the will in this case was not a part of any record of the County Judge's Court, therefore the Florida statute above `quoted provides for re-establishment in the Circuit Court, and not in the County Judge's Court.

The effect of the provisions contained `in the "Probate Act of 1933," Sections 2 and 64, Chapter 16103, Acts of 1933, Sections 5457 (2) and 5541 (63), 1934 Cumulative Supplement to Compiled General Laws, 1927, is not in any way considered.

Alternative writ quashed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—In the case of Brown v. Nugent, 68 Fla. 587, which was affirmed by this Court without opinion, under date of December 22, 1914, it appears from the transcript of the record in that case, which is on file in the archives of` this Court, that the County

Judge, sitting as a Court of Probate in Duval County, did entertain and decide a petition filed by one H. D. Brown, praying for the establishment of the lost or destroyed last will and testament of one Fay M. Brown, deceased, and asking that it be admitted to probate after it was so established.

The relief in that case, however, was denied by the County Judge on the merits of the case as made by the evidence and on appeal to the Circuit Court, the judgment of the Probate Court was affirmed by Circuit Judge George Couper Gibbs. The decree of Judge Gibbs was thereafter affirmed by this Court on appeal from the Circuit Court, as appears by the memorandum record of the case found in 78 Florida Reports at page 587.

In the Brown v. Nugent case, *supra,* it seems to have been taken for granted that the law was, prior to the enactment of Section 64 of Chapter 16103, Acts of 1933, that the jurisdiction was vested in the County Judge as a Court of Probate to grant the establishment and probate of lost or destroyed wills. If that supposition is true, then Section 64 of Chapter 16103, Acts of 1933, is merely declaratory of the pre-existing law in this State on the subject of establishing and admitting to probate, lost or destroyed wills.

But in a more recent case decided in the Circuit Court of Duval County, and now pending on appeal to this Court from the decree of the Circuit Court refusing to re-establish, because of a decision against the bill on its merits as resting upon the testimony, it seems to have been supposed by the counsel who brought that suit, that the proper, if not the exclusive remedy, for re-establishing an alleged lost or destroyed will, is in a court of chancery. But in neither the Brown v. Nugent case, *supra,* nor the now pending case

of Abraham Thomas, *et al.,* v. Lillian Thompson, *et al.* (pending in this Court undecided), was the point of jurisdiction or right to proceed raised or determined.

The present case is therefore the only case (so far as I have been able to find) wherein the question of the jurisdiction of the Probate Court (prior to Section 64 of Chapter 16103, Acts of 1933) to both establish and admit to probate a lost or destroyed will has been directly brought in question in a proceeding requiring a decision on that point.

My conclusion after a thorough study of the proposition involved is, that a court of chancery as an incident to a right to have an accounting against persons alleged to be wrongfully in possession of and administering assets of the estate of a decedent which have been otherwise disposed of by a lost or destroyed valid will, may ascertain and determine whether or not the decedent departed his life leaving a last will and testament, and if it finds that decedent did leave such will and testament, may thereupon enter a decree re-establishing the will shown to have been suppressed, lost or destroyed, and may thereupon require all persons acting upon other wills or probate authority, to account to the legatees and devisees under the re-established will, leaving it to the proponents of the equity proceeding to have the re-established will also admitted to probate before the County Judge after the decree in the equity case is entered.

But prior to the 1933 Probate Act, I find no authority for a re-establishment proceeding in the Probate Court in the first instance.

WHITFIELD, J., concurs.