316 So.2d 262 (1975)
The CITIZENS OF the State of FLORIDA, Petitioners,
v.
William T. MAYO, Chairman, et al., Respondents.
No. 46900.
Supreme Court of Florida.
July 16, 1975.
*263 Woodie A. Liles, Public Counsel, Lakeland and Donald W. Weidner, Associate Public Counsel, Tallahassee, for petitioners.
William L. Weeks, Gen. Counsel, Donald R. Alexander, Staff Counsel, and Prentice P. Pruitt, Legal Director, Tallahassee, for the Florida Public Service Commission, respondents.
Stanley A. Brandimore, Gen. Counsel, and Richard W. Neiser, Asst. Gen. Counsel, St. Petersburg, and D. Fred McMullen, Lee L. Willis, and James D. Beasley of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Florida Power Corp., intervenors.
OVERTON, Justice.
This cause is before this Court on petition for writ of certiorari from an order of the Florida Public Service Commission granting an interim rate increase to Florida Power Corporation under the statutory authority of Section 366.06(4), Florida Statutes (1974 Supplement). The issues are (1) whether this is a final order of the Commission and therefore reviewable by statutory certiorari,[1] and (2) whether Section 366.06(4), Florida Statutes, is an unconstitutional delegation of discretionary authority to the Commission by the legislature.
Petitioners contend that the order of the Commission is final and therefore reviewable since it was styled by the Commission in a separate docket.[2] We hold that the order of the Commission is an interim order and not final. Under the provisions of Section 366.06, Florida Statutes, *264 the legislature prescribed the method a utility must use to obtain a rate increase. An "interim rate increase" is a part of the main proceeding and is authorized only "pending a final order by the commission."[3] The statute must be read as a whole. When read in this manner, an interim order is clearly not a separate proceeding whatever its docket number.
The legislature, by Section 366.06(4), authorized the Commission to grant interim rate increases for a limited period of time, to wit, eight months. This is not, as asserted by petitioners, an unrestricted discretionary grant of power. The Commission, under the statute, must act reasonably, given the circumstances of each request, which includes consideration of the utility's rate of return on the "current record of net investment" which the Commission under the statute must maintain in a current status. The Commission's action is restricted to ensure the protection of the public through an appropriate bond and a requirement for the Commission to maintain accurate accounting of the increased funds in order to provide a refund when necessary in addition to the requirement that it must act in the main proceeding within the eight-month period.
We hold the legislature had the power to grant this authority, and adequate due process protections are provided in the act. We cannot substitute our judgment for that of the legislature, but must take the law as we find it.
The petition for certiorari is quashed without prejudice to our consideration of any substantive issues of law on review of the final order of the Commission in this case.[4]
It is so ordered.
ADKINS, C.J., and ROBERTS and BOYD, JJ., concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice (concurring).
The practical effect of the Court's order in this case may be to eliminate any review of the action of the Public Service Commission on interim rate increases. In practice, a utility may be able to obtain higher utility rates for an eight-month period simply by filing its interim tariff with the commission in conjunction with a full rate application. I conclude, however, as did the majority here, that this was the intent of the Legislature in enacting Section 366.06(4), Florida Statutes (1974 Supp.).
NOTES
[1] Article V, Section 3(b)(7), Florida Constitution, and Section 366.10, Florida Statutes (1973).
[2] The Commission, subsequent to the petition being filed herein, consolidated the interim and final rate increase proceedings.
[3] Section 366.06(4), Florida Statutes (1974 Supplement).
[4] This action is consistent with our prior actions in Citizens of the State of Florida v. Mayo, Fla., 311 So.2d 669 (Gulf Power Company); Citizens of the State of Florida v. Mayo, 314 So.2d 781 (Florida Power & Light Company); and Citizens of the State of Florida v. Mayo, 314 So.2d 781 (Tampa Electric Company).