342 So.2d 811 (1976)
FLORIDA INTERCONNECT TELEPHONE CO., a Florida Corporation, Petitioner,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Respondent.
No. 47839.
Supreme Court of Florida.
December 22, 1976.
Rehearing Denied March 14, 1977.
*812 H. Vernon Davids, Davids, Henson & Hadley, Winter Garden, and Edwin B. Spievack, Cohn & Marks, Washington, D.C., for petitioner.
Prentice P. Pruitt and J.B. Curasi, Tallahassee, for respondent.
Earl B. Hadlow, Mahoney, Hadlow, Chambers & Adams, Walter H. Alford, Miami, and Robert W. Sterrett, Jr., Atlanta, Ga., for Southern Bell Tel. & Tel. Co., intervenor-respondent.
SUNDBERG, Justice.
This case is a certiorari proceeding from the Public Service Commission. Article V, Section 3(b)(3), Florida Constitution.
Petitioner Florida Interconnect Telephone Company (Interconnect) is a Florida corporation which sells, leases, installs, and maintains customer-provided terminal communications equipment and systems, including automatic private branch exchanges. It is thus a competitor of Southern Bell Telephone and Telegraph Company.
Southern Bell filed with respondent Public Service Commission on May 24, 1975, a General Exchange Tariff for Private Branch Exchange Service. A portion of this tariff constituted a rate reduction, accompanying the introduction of a new line (trademarked Dimension) of Private Branch Exchange Service equipment. On June 27, 1975, before the Public Service Commission had acted upon the proposed tariff, Interconnect filed a complaint, application for denial, and request for hearing on the proposed rate changes, which alleged that substantial interests of petitioner would be affected by approval of the proposal. Southern Bell served an answer by mail to petitioner's complaint on or about July 3, 1975; this pleading was received by petitioner on or about July 7, 1975.
After considering the matter at agenda conference on July 7, 1975, respondent Commission ostensibly approved the proposed tariff reduction, to be effective on July 10, 1975. This action was taken without individual notice to, or knowledge of, petitioner.
On August 6, 1975, petitioner filed in this Court its petition for writ of certiorari and motion to stay the PSC order (No. T-75-74) approving the tariff reduction. The motion was denied on August 14, 1975. Subsequently, Southern Bell filed a petition to intervene, which was granted, and a motion to quash and dismiss Interconnect's petition, *813 which was denied. The cause was then argued orally before this Court.
Petitioner's argument is that the Commission's approval of Southern Bell's tariffs sheets was improper because Interconnect was not afforded an opportunity for hearing after reasonable notice, incidents of due process required by Section 120.57(1)(b)[1] and generally by Chapter 120, Florida Statutes, the Administrative Procedure Act (the Act). Since its interests in intervenor's application were "substantial" within the meaning of Section 120.57, Interconnect reasons that it was entitled to participation in any hearing on the matter held before the Commission. Petitioner prays, therefore, that this Court quash the Commission order granting rate changes to Southern Bell and remand the cause to the Commission with instructions to hold a new hearing at which petitioner will be able to present a case against the rate change. The effect of such a ruling by this Court would be to quash approval of the rate change and place the parties in statu quo ante.
Although Interconnect's reasoning appears plausible at first blush, we find that the relief requested is inappropriate in this case based on facts presented to this Court. We therefore deny the petition for writ of certiorari. Central to this determination is our specific finding that the Commission's Order No. T-75-74, which we review today, does not constitute final agency action within the contemplation of the Act.
Section 120.52(9), Florida Statutes (1975), reads as follows:
"`Order' means a final agency decision which does not have the effect of a rule and which is not excepted from the definition of a rule, whether affirmative, negative, injunctive, or declaratory in form. An agency decision shall be final when reduced to writing."
Several aspects of the instant controversy persuade us that the Commission's order is not "a final agency decision." First, the record discloses that Mr. David L. Swafford, Director of the Commission's Rate Department, notified Southern Bell and Florida Interconnect by letter July 10, 1975, that its complaint would be set for hearing. The letter noted that Southern Bell's tariff had been "approved" pending disposition of the complaint. On July 14, 1975, Mr. H.E. Smithers, the Commission's Chief Hearing Examiner, wrote to both companies, requesting certain information in order to expedite the hearing. Rather than cooperate with this effort to expedite its complaint, petitioner chose to seek review of the Commission's tentative approval in court. But the actions of Messrs. Swafford and Smithers indicate that the agency decision was not "final" and hence not reviewable by this Court. Cf. Citizens of Florida v. Mayo (Southern Bell Tel. & Tel. Co.), 322 So.2d 911 (Fla. 1975); Citizens of Florida v. Mayo (Florida Power Corp.), 316 So.2d 262 (Fla. 1975); Citizens of Florida v. Mayo (Florida Power & Light Co.), 314 So.2d 781 (Fla. 1975).
Another reason why Interconnect's petition in this Court is not well taken is that the "order" of which petitioner complained was in a very real sense surplusage. This is so because of the provisions of the "file-and-suspend" law, enacted as Chapter 74-195, Laws of Florida. If the Commission does not object to the proposed tariff changes within thirty days, the proposed rates automatically go into effect:
"Pending a final order by the public service commission in any rate proceeding under this section, the commission may withhold consent to the operation of all or any portion of the new rate schedules, delivering to the utility requesting such increase, within 30 days, a reason or written statement of good cause for withholding its consent. Such consent shall not be withheld for a period longer than 8 months from the date of filing the new schedules. The new rates or any portion not consented to shall go into effect under bond at the end of such *814 period, but the commission shall, by order, require such utility to keep accurate account in detail of all amounts received by reason of such increase, specifying by whom and in whose behalf such amounts were paid, and upon completion of hearing and final decision in such proceeding, shall by further order require such utility to refund with interest at a fair rate, to be determined by the commission in such manner as it may direct, such portion of the increase [sic] rate or charge as by its decision shall be found not justified. Any portion of such refund not thus refunded to patrons or customers of the utility shall be refunded or disposed of by the utility as the commission may direct; however, no such funds shall accrue to the benefit of the utility." Section 364.05(4), Florida Statutes (1975).
This procedure survives the adoption of the new Administrative Procedure Act. See Section 120.72(3), Florida Statutes (1975). Here the Commission delivered no such "reason or written statement of good cause for withholding its consent." By the time Interconnect filed its complaint with the Commission on June 27, 1975, more than thirty days had elapsed from Southern Bell's May 24, 1975 filing of its proposed tariff rates. Thus, the Commission was without authority to suspend intervenor's new rate tariffs had it chosen to do so, and consequently Interconnect is in no position to complain about the new schedule's having gone into effect on at least an interim basis.
In any event, the agenda conference could not have been the occasion for taking "final agency action" because it was preceded by inadequate notice. We are unable to accept intervenor's inference that Interconnect should have known the conference was to consider Southern Bell's new tariffs by virtue of the following published in Florida Administrative Weekly, Vol. 1, No. 25, June 27, 1975, at 15-16:

"The FLORIDA PUBLIC SERVICE COMMISSION announces its regularly
scheduled conference to which all interested persons are invited.
 DATE AND TIME: July 7, 1975 at 9:30 A.M.
 PLACE: Hearing Rm., 700 So.
 Adams St.,
 Tallahassee, FL 32304
 PURPOSE: To consider those matters
 ready for decision,
 and other related matters.
 A copy of the Agenda may be obtained by writing to: Commission
 Clerk, Public Service Commission, 700 S. Adams Street,
 Tallahassee, Florida 32304."

Adequacy of notice is not a factor in reaching our decision in this case because the action taken at the hearing (i.e., intermediate consideration of the new rates) would have occurred had the hearing not been held. Nevertheless, we do not find the foregoing quoted material to constitute adequate notice within the contemplation of Section 120.57(1)(b)2.b., Florida Statutes (1975).
We pause to note our disagreement with petitioner's contention that Section 364.05, supra, is inapplicable to this proceeding because this section is limited in terms to rate "increases." We find from the statutory context of other provisions of Chapter 364 that the procedure outlined in Section 364.05 is designed to apply to any rate change. It is apparent that references in the section to "increases" were intended by the legislature to relate to the bond procedure applicable at the expiration of eight months when suspension is invoked by the Commission. This conclusion is reinforced by the prefacing phrases "Pending a final order by the Public Service Commission in any rate proceeding under this section, the commission may withhold consent to the operation of all or any portion of the new rate schedules. ..." Such a construction is compatible with the notion that the Commission has authority for good cause, to suspend even decreases in telephone service rates if, for example, it deemed them to be destructive of a particular competitive balance in the industry. Thus, the fact that the portion of Southern Bell's new tariffs under consideration constitutes a rate reduction is not relevant. The Commission *815 has tendered petitioner the opportunity for a hearing which we must presume will be conducted in a fashion compatible with the requirements of law.
Accordingly, the petition for writ of certiorari is denied without prejudice to petitioner's right to seek relief in this Court from a duly-entered final order.
OVERTON, C.J., and ADKINS, BOYD and HATCHETT, JJ., concur.
NOTES
[1] To reduce confusion wrought by changes in the numbering of relevant statutory enactments, all citations to existing enactments are made to their current numbers as reflected in the 1975 Florida Statutes.