ADKINS, Justice.
This cause is before the Court on Petition for a Writ of Certiorari to review an Order of the Public Service Commission (Commission) revoking certain interim rate increases which had been awarded to Florida Power Corporation (Florida Power). We have jurisdiction. Article V, Section 3(b)(3), Florida Constitution; Section 366.10 Florida Statutes (1977).
*1013 Before beginning operation of its nuclear power plant at Crystal River (Crystal River Unit # 3; CR# 3), Florida Power presented the Commission with suggested rate adjustments. By its Order No. 7644 the Commission modified the fuel adjustment clause to pass on to the consumers the nuclear fuel savings. Florida Power sought review in this Court alleging the Commission had failed to take into account Florida Power’s fixed costs of ownership or investment in CR# 3. On March 29, 1977, we issued a sixty-day stay to allow Florida Power “adequate time to prepare and present to the Commission a request for appropriate rate relief, and the Commission will have the statutory 30-day period established in Section 366.06(4) Florida Statutes (1975) within which to determine whether the Company has made an adequate showing of need.” Florida Power Corp. v. Hawkins, 346 So.2d 1248 (Fla.1977).
Florida Power filed rate schedules designed to generate $62,325,262 on April 6, 1977. On April 28, 1977, the Commission suspended those schedules but consented to rates which would yield $60,767,961 “on an interim basis subject to refund pending final order.” Fla.P.S.C. Order No. 7791.
Although CR# 3 went on line in May 1977, there were difficulties during that summer which caused it to operate at a lower capacity than expected. On September 1, 1977, without notice or a hearing, the Commission revoked the interim rate increase, effective immediately. This action was reduced to writing on September 9, 1977, as Order No. 7957. It is this Order No. 7957 which is the subject of review.
Florida Power contends the Commission’s action revoking the rate increase without notice or hearing contravened Chapter 366, Florida Statutes, (1975), and procedural due process. We agree.
The general statutory scheme for making and adjusting rates embraces the traditional requirements of procedural due process, i. e. notice and a hearing. Sections 366.06(3); 366.07, Florida Statutes (1975). Within this framework is the so-called “File and Suspend Law”, Section 366.06(4), Florida Statutes (1975):
Pending a final order by the commission in any rate proceeding under this section, the commission may withhold consent to the operation of all or any portion of the new rate schedules, delivering to the utility requesting such increase, within (30) days, a reason or written statement of good cause for withholding its consent. Such consent shall not be withheld for a period longer than (8) months from the date of filing the new schedules. The new rates or any portion not consented to shall go into effect under bond at the end of such period, but the commission shall, by order, require such utility to keep accurate account in detail of all amounts received by reason of such increase, specifying by whom and in whose behalf such amounts were paid, and upon completion of hearing and final decision in such proceeding shall by further order require such utility to refund with interest at a fair rate, to be determined by the commission in such manner as it may direct, such portion of the increased rate or charge as by its decision shall be found not justified.
This provision was enacted to protect utilities from the “regulatory lag” associated with full-blown rate proceedings. In Citizens of Florida v. Mayo, 333 So.2d 1 (Fla.1976), this Court analyzed the “File and Suspend Law” and the legislative intent underlying its enactment. It is clear the statute was designed to provide accelerated rate relief without sacrificing the protections inherent in the overall regulatory scheme.
In the case sub judice Florida Power filed its proposed rates and within thirty days the Commission entered its Order No. 7791 pursuant to Section 366.04(4), Florida Statutes (1975). The Commission was neither completely satisfied nor totally dissatisfied with the preliminary showing of need. Recognizing its dilemma, the Commission properly chose to exercise an alternative between the range of total consent and suspension. The proposed rates were suspended, but consent was given to interim *1014 rates subject to refund. This authorization was based upon an express finding of need for immediate rate relief. The Commission avowedly acted pursuant to Section 366.-06(4) Florida Statutes (1975) under facts which fit squarely within the situation contemplated by the statute’s enactment. At this juncture, the “File and Suspend Law” was operating smoothly for all concerned. The utility and the public had a right to rely on the continued operation of the statute and the language of Order No. 7791 to the effect that the authorized rates would be in force pending final hearing. Instead, the Commission unilaterally revoked the interim rates on September 1, 1977. Fla.P. S.C. Order No. 7957.
The Commission asserts the revocation was justified because the factual premise upon which the interim rates were authorized failed to materialize. It reached this conclusion by taking official notice of technical data from monthly reports and orders kept in the Commission’s official records.
The Commission cannot consent to an interim rate increase pursuant to Section 366.06(4) Florida Statutes (1975) then unilaterally re-evaluate the situation and deprive the utility of the very benefit the “File and Suspend Law” was designed to confer.
The statute expressly empowers the Commission to withhold consent to rate schedules within thirty days of filing, or consent to rate relief at any time after filing. There is no necessity to imply a power to revoke a prior consent, either to exercise the express powers or protect the public interest. These rates were specifically authorized “subject to refund ... to require further and more detailed audit and scrutiny to verify the accuracy of the underlying data and of the calculations, and to provide the public and other interested parties the opportunity to be heard. . [T]he public will be fully protected by the refund provision . . . ” Order No. 7791. Indeed, the File and Suspend Law itself restricts the Commission’s action and imposes time and bond requirements to protect the public. Citizens of Florida v. Mayo, 316 So.2d 262, 264 (Fla.1975).
If the Commission had taken no action, the rates would have become effective the thirty first day. Citizens of Florida v. Mayo, 333 So.2d at 5 n. 9 (Fla.1976). This result would be meaningless if the Commission could suspend on the thirty-second day. See Florida Interconnect Telephone Co. v. Florida Public Service Commission, 342 So.2d 811 (Fla.1976).
Public Counsel, Intervenor, argues the thirty-day limit is applicable only to the requirement the Commission give the utility a reason or good cause for withholding consent. Under this construction the Commission could withhold consent at any time during the eight months allotted in Section 366.06(4) Florida Statutes (1975). Such a construction is expressly rejected. Public Counsel’s argument that Florida Power has no constitutional right of due process in the benefits flowing from Section 366.06(4) Florida Statutes (1975) is without merit. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Keystone Water Company, Inc. v. Bevis, 278 So.2d 606 (Fla.1973).
Order No. 7957, which revoked the interim rate increase authorized by Order No. 7791, is hereby quashed.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.