GRIMES, Justice.
Citizens of the State of Florida, through the Office of Public Counsel, appeal an order of the Florida Public Service Commission (Commission). We have jurisdiction under article V, section 3(b)(2) of the Florida Constitution.
Since this dispute is basically procedural, a detailed and chronological recitation of the facts is helpful to the resolution of the case. On October 28, 1988, Tampa Electric Company (TECO) filed a petition for modification of its conservation cost recovery methodology. Public counsel was provided with a copy of the petition. The petition requested that TECO no longer apply an energy conservation cost recovery factor to several classes of its customers taking in-terruptible service (interruptible custom *1301 ers). Interruptible customers are those customers whose service TECO can suspend during periods of peak demand. Customers not subject to this interruption in service are referred to as firm customers. The petition alleged that it was inequitable to require interruptible customers to absorb a portion of the cost of conservation programs because those customers received no benefits from those programs. Additional billing charges were attached to show the proposed changes. The estimated effect of the modification in the cost recovery methodology was that approximately two million dollars in conservation costs would be shifted from TECO’s inter-ruptible customers to its firm customers.
A November 17, 1988, memorandum circulated by the Commission to “All Interested Parties” was attached to a Case Assignment and Scheduling Record (CASR). The Commission noted that the TECO petition was scheduled for “PAA Agenda” on December 20, 1988, for “PAA Order” on January 9, 1989, and for “Final Order” on January 30, 1989. “PAA” stands for “Proposed Agency Action.” Fla.Admin.Code Rule 25-22.029. A subsequent memorandum and revised CASR scheduled the “PAA Agenda” for January 31, 1989, the “PAA Order” for February 20, 1989, and the “Final Order” for March 13, 1989. On January 11, 1989, the staff recommended that the Commission approve the TECO petition. However, the staff also recommended that the modification in the conservation cost recovery only be effective for one year, April 1, 1989, through March 31, 1990, because in 1990 the interruptible customers would begin to receive a benefit from the conservation programs. The Office of Public Counsel was provided with copies of the CASR’s and of the staff recommendation.
On January 20 another memo was circulated listing the agenda items for the January 31 agenda conference. The memo stated that comments by interested parties would be limited to five minutes and the agenda indicated that the TECO petition was a “Proposed Agency Action.” At the January 31 agenda conference, the Commission voted to approve TECO’s petition for one year following a discussion on the proposed modification by the participating Commission members, several Commission staffers, representatives of TECO, and a representative of Florida Industrial Power Users Group who are some of the interrup-tible customers benefited by the modification. The Office of Public Counsel did not participate in the discussion.
On February 10, 1989, a prehearing conference for the conservation cost recovery docket was conducted in front of Commissioner Herndon. At that conference TECO’s counsel advised the participants that TECO would be resubmitting its conservation factor to reflect the Commission’s vote to approve the modification. TECO’s counsel stated that TECO would file the adjusted conservation cost recovery factor before the hearing on the conservation cost recovery docket and that the adjustment would be the only issue at the hearing for TECO. The effect of this adjustment would be to raise the rates of the firm customers to make up for the cost of conservation charges which were no longer being paid by interruptible customers. Public counsel made no objection to the Commission’s vote to approve the modification. The Commission conducted the hearing concerning the conservation cost recovery docket on February 22, 1989. At that hearing public counsel stipulated to TECO’s revised conservation cost recovery factor and again did not indicate any objection to the Commission’s vote allowing the modification.
On March 1, 1989, the Commission issued Order No. 20825 approving the modification of TECO’s conservation cost recovery methodology for one year, one of the two orders under appeal here. On March 16, 1989, the Office of Public Counsel filed a notice of intervention and a motion for reconsideration of Order No. 20825. The motion alleged that the order had issued as a final order and that the Commission had failed to offer a hearing or follow the proposed agency action process. The Office of the Public Counsel further argued that the Commission had failed to provide a clear point of entry into the proceedings and that the modification of TECO’s conservation *1302 cost recovery factor was flawed because it discriminated against a class of customers. TECO filed a reply to public counsel’s motion, arguing that public counsel effectively waived any right to a hearing by his participation in the February 10 prehearing and February 22 hearing on the conservation cost recovery docket without indicating any objection to the modification.
On June 6, 1989, the Commission held a hearing at which it considered public counsel’s motion for reconsideration. The Commission voted to deny the motion and subsequently issued Order No. 21448 in which it set out two reasons for denying the motion. First, the Commission stated that TECO’s petition constituted a filing for a rate change under the file-and-suspend law, section 366.06(3), Florida Statutes (1987). Thus, the new tariff went into effect automatically when the Commission did not withhold its consent within sixty days as provided in the statute. The order approving the petition was “mere surplusage,” as in Florida Interconnect Telephone Co. v. Florida Public Service Commission, 342 So.2d 811 (Fla.1976). Further, the Commission explained that public counsel had waived any procedural irregularities:
Public Counsel, in the instant case, received copies of the initial petition, copies of the Staff recommendation, a copy of the Commission conference agenda as well as notice announcing the specific time, date and place of the agenda conference published in the Florida Administrative Weekly. Public Counsel was given full opportunity to participate in the agenda conference, and failed to object to any of the alleged procedural deficiencies now set forth in its motion. Where one has actual notice of proceedings, but makes no appearance or provides no input, it waives its rights and thus is es-topped from challenging any irregularity in the proceeding. South Florida Regional Planning Council v. State, 372 So.2d, 159 (Fla. 3 DCA 1979); Burger King Corporation v. Metropolitan Dade County, 349 So.2d 210 (Fla. 3 DCA 1977).
The issue of waiver may have been a closer one but for later developments involving participation of Public Counsel. Here, where our vote in the instant docket was relied upon in other dockets, and where our order formed the basis for a stipulated change in TECO’s conservation cost recovery factor, which was agreed to by Public Counsel, the waiver becomes clear. An irregularity in proceedings before the court may be waived by subsequent proceedings of parties, who, knowing the irregularity, act without making objection or exception. Scarso v. Scarso, 488 So.2d 549 (Fla. 4 DCA 1986); Hart v. Smith, 17 Fla. 767 (Fla.1880); and See South Florida Regional Planning Council v. State, Supra,' wherein the court held that failure to intervene in a suit affecting the validity of a government action acts as a waiver and precludes further review of the act of the government. In the instant case, the Assistant Public Counsel, who filed this motion was the same attorney who acquiesced in TECO’s stipulation, which reflected our vote in this docket. The waiver is clear.
Public counsel appealed from both Order No. 20825 and Order No. 21448. He basically contends that the Commission should have either afforded him an opportunity for a hearing or proceeded through the PA A process before taking any final action.
We begin by noting that the Commission evidently improperly noticed the procedure it would follow. The CASR’s noticed TECO’s petition for proposed agency action. However, at the agenda conference, Commissioner Wilson determined that the Commission should be treating TECO’s petition as a tariff filing under the file-and-suspend law, and he told the staff to prepare an order approving the petition. While public counsel argues to the contrary, we agree that TECO’s petition constituted a filing under the file-and-suspend law. The petition reflected a proposed rate change as contemplated by section 366.-06(3). Under that law, TECO’s proposed rate change went into effect automatically when the Commission did not act to suspend the rates within sixty days after *1303 TECO’s filing.[1] Therefore, it made no difference whether public counsel may have been initially misled by the CASR’s because he was not entitled to a hearing on the Commission’s decision whether to withhold its consent to the proposed rate change. Citizens of the State of Florida v. Wilson, 568 So.2d 904 (Fla.1990).[2]
On the issue of waiver, we agree with public counsel that his lack of participation at the agenda conference cannot be deemed a waiver. Because TECO’s petition was noticed for proposed agency action, public counsel could believe that once the Commission voted for the petition at its agenda conference, it would then issue an order from which public counsel could request a hearing under section 120.57, Florida Statutes (1987). However, public counsel was well aware of the action taken on TECO’s petition at the agenda conference. He was present at and participated in both the prehearing conference and the hearing on the cost recovery docket at which TECO was seeking reimbursement from firm customers of the conservation costs which would no longer be paid by interruptible customers pursuant to TECO’s petition in the other docket. At those meetings, public counsel made no objection to the recovery of those costs from firm customers and actually stipulated to the amount of costs. Thus, we conclude that public counsel’s action at the conservation cost recovery hearings constituted a waiver of his right to complain about the order approving TEGO’s petition, particularly since TECO and its interruptible customers cannot be blamed for the Commission’s original mistake in noticing the petition. Further, we are persuaded that it would be unfair to TECO and its interruptible customers to permit public counsel now to seek to rescind the Commission’s original order when public counsel acquiesced to TECO’s position in the cost recovery hearing and TECO cannot be blamed for the Commission’s mistake in noticing the petition. This does not mean that public counsel has no recourse to attack the charging of all of the conservation costs to firm customers. Hearings on the conservation cost recovery docket are routinely scheduled every six months and, in addition, public counsel can always file a complaint under section 366.-07, Florida Statutes (1989).
We affirm the Commission’s orders.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, EHRLICH, BARKETT and KOGAN, JJ., concur.

. However, as we explained in Citizens of the State of Florida v. Wilson, 568 So.2d 904 (Fla. 1990), rates which become effective under the file-and-suspend law upon inaction by the Commission are only interim rates "[p]ending a final order by the commission.” Id., at 908.

. In order to avoid future misunderstandings, the Commission might wish to require that all petitions purporting to be filed under the file- and-suspend law should clearly specify this fact. Of course, this would not preclude the Commission from making its own determination of whether a given petition meets the requirements of the file-and-suspend law.