COPE, Judge.
The state appeals an order dismissing its information against defendant-appellee. We reverse.
The state filed an information charging defendant with two counts of boating under the influence-manslaughter. Defendant’s boat collided with a concrete marker, resulting in the death of two passengers. The records of the clerk of the circuit court and the affidavits of record show that on October 28,1994, the state filed an information charging defendant with violation of sections 327.35 and 327.351, Florida Statutes (1991). The information was filed six days before the expiration of the statute of limitations.
*525 At the time of the initial hearing in the ease on December 5, 1994, the circuit court clerk’s office could not locate the original information. The defendant had been provided an unsigned copy by the state.
The affidavit of the deputy clerk states that according to the clerk’s computer records and also the clerk’s handwritten records, the state filed an information against the defendant on October 28, 1994. The information was processed and assigned a felony case number. On November 16, 1994 someone asked to see the file in the case. The clerk’s office located the file jacket but the file jacket held no contents. Despite subsequent searches, the clerk was unable to locate the missing information.
The assistant state attorney responsible for the case told the court that the information had been completed on October 28, 1994 and submitted for filing. The state asserted that the unsigned copy from the state’s file was an exact copy of the original. These facts were placed on the record at several hearings, and ultimately were supported by affidavit.
Defendant took the position that the state had to prove that the information was filed prior to the expiration of the statute of limitations. After several hearings, the trial court ruled that the state had failed to establish this point. The court dismissed the information and discharged the defendant. The state has appealed.
At the request of the trial court, the parties researched the procedure to follow where a pleading has been lost or destroyed. The Florida Supreme Court has said, “[I]t is well settled that courts of record of general jurisdiction have inherent power, independent of any statute, to reestablish its [sic] lost or destroyed records and proceedings.” Roberson v. State, 45 Fla. 94, 34 So. 294, 296 (1903) (citations omitted); accord Hall v. State, 88 Fla. 239, 101 So. 847, 848 (1924). “ ‘The better opinion is that when the indictment is lost the prosecution may proceed to trial on a substituted copy, if exact, and the proof of it conclusive.’ ” Roberson, 45 Fla. at 102, 34 So. at 296 (citations omitted). Two statutes of considerable antiquity also address the point. See §§ 71.011(5), 71.031, Fla.Stat. (1995).[1]
The state filed a motion to reestablish the record, citing sections 71.011 and 71.031, Florida Statutes. The procedure followed by the state was a permissible one. The motion set forth the information specified by subsection 71.011(5), including the date of filing of the information, the clerk’s discovery that the document had been lost or destroyed, and the assertion that the copy of the information attached to the motion was an exact copy of the text of the original. In support, the motion cited the clerk’s previously-filed affidavit.[2]
*526 Under the Roberson ease, the state need only establish (1) that the information was filed prior to the expiration of the statute of limitations, and (2) the contents of the information. The motion and affidavits certainly covered those points. The state argues, and we agree, that at the very least the state is entitled to an evidentiary hearing on its motion.[3] The only pertinent issues at the hearing will be (1) whether the information was filed on October 28, 1994 (or in any event, prior to the expiration of the statute of limitations)[4], and (2) what was the content of the information which was filed.[5]
The trial court dismissed in part because the state was tardy in filing its motion to reestablish the record. We conclude that under the circumstances, the sanction of dismissal was unwarranted. “Dismissal of charges against a defendant is an extreme sanction to be used only in extraordinary circumstances.” State v. Rodriguez, 566 So.2d 521, 522 (Fla. 3d DCA 1990).
The obvious rationale for limiting the sanction of dismissal of criminal charges to only those cases where no other sanction can remedy the prejudice to the defendant is to insure that the public’s interest in having persons accused of crimes brought to trial is not sacrificed in the name of punishing a prosecutor’s misconduct. And, of course, where the prosecutor’s failure ... has not irreparably prejudiced the defendant, the sanction of dismissal punishes the public, not the prosecutor, and results in a windfall to the defendant.
State v. Del Gaudio, 445 So.2d 605, 608 (Fla. 3d DCA), review denied, 453 So.2d 45 (Fla. 1984).[6]
Here there has been no cognizable prejudice to the defendant by the state’s delay in filing its motion to reconstruct the record. The defense was provided an unsigned copy of the information when the clerk’s original could not be located. A duplicate of the information was promptly executed and filed. The material circumstances regarding the filing of the information, and the fact that the clerk could not locate it, were placed on the record at the first hearing and reiterated thereafter. The motion to reconstruct the record merely restated what had already been repeatedly set forth on the record from the outset.
The court also criticized the state for failing to file the affidavit of the assistant state attorney simultaneously with the filing of the motion to reestablish the record. We respectfully suggest that the criticism was misplaced. The assistant state attorney had offered to take an oath from the outset, but *527 the court initially stated only that it wanted an affidavit from the deputy clerk in lieu of the deputy clerk’s unsworn statement. The court directed the parties to research the question of what procedure to follow in a situation like the present one which, judging from the lack of reported cases, has arisen only infrequently in Florida history. In response, the state unearthed sections 71.011 and 71.031, Florida Statutes, and filed its motion in conformity therewith. Those statutes do not require the filing of any affidavits.[7] The statutes contemplate the filing of a pleading which sets forth the grounds on which the petitioner relies to reestablish the lost document, which will then be resolved by evidentiary hearing if there is a factual dispute. See § 71.011(5), Fla.Stat.
The long-standing public policy of Florida favors the adjudication of disputes on the merits, not on matters of form. The order under review is reversed and the cause remanded for an evidentiary hearing[8] and further proceedings consistent herewith.
Reversed and remanded.

. Section 71.031, Florida Statutes, provides:
71.031 Reestablishment of pleadings and process in pending actions. — Lost or destroyed proceedings and any paper or file affecting them in any actions pending and undetermined in any court may be reestablished by the person desiring reestablishment by filing a copy of the proceedings, paper or file in chancery and giving 10 days' written notice to all parties to the action of the application for reestablishment of the proceedings, paper or file. On the hearing the judge shall ascertain the facts and determine the application.
Subsection 71.011, Florida Statutes, provides:
(5) COMPLAINT. — A person desiring to establish any paper, record or file, except when otherwise provided, shall file a complaint in chancery setting forth that the paper, record or file has been lost or destroyed and is not in the custody or control of the petitioner, the time and manner of loss or destruction, that a copy attached is a substantial copy of that lost or destroyed, that the persons named in the complaint are the only persons known to plaintiff who are interested for or against such reestablishment.
Although the parties have not raised the issue, it may well be that the procedure for reestablishing a lost judicial record is now within the Florida Supreme Court’s exclusive rulemaking jurisdiction. See Art. V, § 2(a), Fla. Const. If so, the statutory procedure would not be binding but may provide useful guidance.

. Sections 71.011 and 71.031 do not require the filing of affidavits, although it is a desirable practice. After defendant objected that the assistant state attorney had not filed an affidavit, she did so.
There is a minor discrepancy between section 71.031, which requires the pleader to allege that the copy is “a substantial copy of that lost or destroyed,” id. (emphasis added), and Roberson, which contemplates proof that the substituted copy of an indictment is an exact copy. 45 Fla. at 102, 34 So. at 296. The state alleged both.

. If defendant does not have a factual basis for opposing the state's motion, then the court may grant the motion summarily.

. The inquiry here is a simple one: whether the computer and/or manual record in the clerk's office reflects the filing of an information. Although the clerk’s affidavit was on file since January 10, 1995, and the clerk's unsworn statement was on file since December 6, 1994, defendant neither took the deposition of the deputy clerk nor offered any evidence controverting the assertion that both the clerk's computer record and the clerk's manual record reflect the filing of an information on October 28, 1994.

. Without intending to limit the means of proof, the state may offer proof, inter aha, that the copy is a photocopy of the original, or that the copy is a printout of the original document stored in a computer or word processing database.
Defendant suggests that there was some impropriety in the state’s execution and filing of a copy of the information on December 13, 1994, after it had been learned that the original information was missing. Defendant intimates that since the file contains an information dated December 13, 1994, it means that there was no information filed October 28, 1994. To the contrary, at the initial hearing on December 5, 1994, the state advised the court as follows:
[Assistant State Attorney]: This is on for report. The state has filed an information with the clerk’s office, unfortunately the clerk's office misplaced the file. They do have information in the computer that it was filed with their office on October 28, '94.
What we are asking today is to reset until Friday to give them an opportunity to find it. If they can’t find it they will make a new file with an affidavit showing that it was, in fact, filed on that date and we will use my copy to generate a new file.
On December 6, 1994 the deputy clerk filed a written statement indicating that the information could not be located. On December 13, 1994 the state reexecuted the information and filed it the same day.

.Sanctions may, of course, be entered against the individual attorney if appropriate. 445 So.2d at 612.

. See supra note 2.

. Subject to the exception mentioned in footnote 3.