FLETCHER, Judge.
The State has appealed the trial court’s dismissal, on statute of limitations grounds, of its information against the defendant. We reverse and remand for further proceedings consistent herewith.
After being questioned by the police in connection with a sexual battery which occurred on April 6, 1990, the defendant “disappeared .” An arrest warrant was subsequently issued for him, attached to which was a copy of an information dated April 26,1990, charging the defendant with sexual battery in violation of section 794.011(5), Florida Statutes (1989), a second-degree felony for which the statute of limitations period is three years. Although sought by the police, the defendant was not found in Florida. In January 1997, the defendant was arrested in New Jersey (for an unrelated offense), at which time a computer check revealed the open 1990 Florida arrest warrant. The defendant was returned to Miami on February 4, 1997.
On March 10,1997, the State filed a second information charging the defendant with second-degree sexual battery in violation of section 794.011(5), Florida Statutes. The State then, on March 14, 1997, filed an information, titled as an “Amended Information”, charging the defendant with two criminal acts: (1) sexual battery using actual physical force likely to cause serious personal injury, in violation of sections 794.011(3) and 775.087, Florida Statutes (1989), a life felony for which there are no time restrictions on prosecution, see § 775.15(1), Fla. Stat. (1989); and (2) kidnapping, in violation of section 787.01, Florida Statutes (1989), a first-degree felony punishable by life, prosecution of which must be commenced within four years[1] after the commission of the crime, see § 775.15(2), Fla. Stat.
The defendant moved to dismiss, contending that the March 10, 1997 information was filed after the statute of limitations period had run and that the March 14, 1997 amended information was not permissible as it was an attempt to “subvert the statute of limitations” by making substantial changes to the information after the original limitation period had expired. The trial court granted the motion to dismiss, concluding that the March 10, 1997 information was barred by the statute because it was filed more than six years [2] after the commission of the alleged crime, and that the March 14, 1997 “Amended Information” impermissibly made substantial changes to the charges. Although defendant’s motion to dismiss did not raise the issue, at the oral request of the defendant the trial court also concluded that the April 1990 information had never been filed, and thus was not viable.
The State contends on appeal that the trial court erred by resolving at the hearing on the motion to dismiss the question of the filing of the April 1990 information; that the March 10, 1997 amended information was a continuation of the original information, and thus was not barred by the statute; and that the March 14, 1997 information stands on its own (even though labeled as “amended”) and the limitation periods applicable to the new charges had not expired, therefore prosecution pursuant to it is not barred. The State additionally argues a new issue not raised in the trial court: that the alleged crimes were reported within seventy-two hours of commission, and thus prosecution may be commenced at any time pursuant to section 775.15(l)(b), Florida Statutes.[3]
As to the issue of the filing or non-filing of the April 1990 information, there is no doubt that the state was sand-bagged by *847 the defendant. The defendant’s motion to dismiss specifically states that the April 26, 1990 information was filed. [R.4] Notwithstanding this unequivocal statement, at the hearing on the motion to dismiss, with no prior notice to the state, after the state had completed its testimony on the issues actually raised by the defendant’s motion, the defendant’s attorney requested that the court take judicial notice that the April 1990 information had never been filed. [R.79]. The defense made no request to amend its motion to dismiss. Nonetheless, the trial court then inquired of the deputy clerk whether the April 1990 information was filed, at which time the clerk was ready with an answer: that she had reviewed the file and the defendant’s attorney was correct.
In response, the State’s attorney advised that he had a copy of the information and surmised that the original had been filed, but through some event of which he was not then aware, something had gone astray. [R.80]. Throughout the subsequent discussion the State continued to maintain that there was a “mix-up” [R.92]. Nonetheless, the court took judicial notice that the April 1990 information was never filed and, by doing so, ultimately concluded that the statute of limitations period applicable thereto had expired.
In support of its argument that the trial court erroneously determined the filing issue at the hearing on the defendant’s dismissal motion, the State cites State v. Hellmond, 683 So.2d 524 (Fla. 3d DCA 1996). In Hell-mond, we held that the State is entitled to seek by motion, at an evidentiary hearing thereon, to reestablish a lost or destroyed information and to demonstrate that it was filed prior to the expiration of the limitations period. Here the method by which the issue reached the trial court, including the sandbagging, precluded the State’s opportunity to file such a motion in order to attempt to reconstruct the facts. Under the circumstances we conclude that the State is entitled to such an opportunity. As a consequence we reverse the dismissal as to the April 1990 information and remand the matter to the trial court with instructions to allow the State a reasonable time to file a motion per Hellmond for the trial court’s determination.
As to the March 14, 1997 “amended” information, we know of no reason that precludes the State from bringing charges for life felonies and first-degree felonies within their statutory limitation periods even though the State is “upping” charges set out in an earlier information and even though the earlier charges are barred by the expiration of their statutory limitation period. In this regard the defendant’s reliance on Mead v. State, 101 So.2d 373 (Fla.1958) for support of his position is misplaced. In Mead the amended information was filed after the limitations period applicable to the new charge had expired, unlike the instant case. Further, the March 14, 1997 information is capable of standing alone, and thus we consider the use of “amended” as surplusage. We reverse the dismissal of the March 14, 1997 information and direct its reinstatement.
As to the issue raised on appeal by the State for the first time, regarding the 72-hour reporting period, i.e., the question of the application of section 775.15(l)(b), Florida Statutes, because we are remanding for further proceedings, the State is free to argue to the trial court the statute’s application, as the defendant is free to challenge it.
Reversed and remanded for further proceedings consistent herewith.

. Pursuant to section 775.15(6), Florida Statutes, the four-year-limitation period was extended an additional three years because of the defendant’s absence from Florida.

. Pursuant to section 775.15(6), Florida Statutes, the three-year-limitation period was extended an additional three years because of the defendant's absence from Florida.

. Which reads:
“(b) Except as otherwise provided in subsection (7), a prosecution for a first or second degree felony violation of s. 794.011, if such crime is reported to a law enforcement agency within 72 hours after commission of the crime, may be commenced at any time. If such crime is not reported within 72 hours after the commission of the crime, the prosecution must be commenced within the time periods prescribed in subsection (2).”