796 So.2d 564 (2001)
Donald L. HILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1067.
District Court of Appeal of Florida, Third District.
August 22, 2001.
Rehearing Denied October 17, 2001.
Donald L. Hill, in proper person.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
COPE, J.
Donald L. Hill appeals an order denying his motion to correct sentencing error. We conclude that the sentences are correct.
Defendant-appellant Hill contends that there are scoring errors for his convictions.[1] Judge Echarte correctly denied defendant's claim, stating:
1. A jury found the Defendant guilty of Counts 1, 2, and 4 of the information. Specifically, they found he committed the crimes of Sexual Battery using force likely to cause serious injury. The crime of Sexual *565 Battery is a life felony if during the course of its commission the Defendant uses a deadly weapon OR uses force likely to cause serious injury. See Fla. Stat. 794.011(3)[1989][2]. Thus, the Defendant was convicted of a Life felony and his scoresheet correctly calculates that as his primary offense....
2. A jury found the Defendant guilty of kidnapping as charged in Count 5 of the information.[3] The crime of kidnapping is a first degree felony punishable by life. See Fla. Stat. 787.01 [1989]. Thus, the Defendant's scoresheet correctly calculates his additional offense as a first degree felony punishable by life.
See also State v. Riveron, 723 So.2d 845, 846 (Fla. 3d DCA 1998) (kidnapping); Brown v. State, 682 So.2d 667, 668 (Fla. 4th DCA 1996) (sexual battery); Williams v. State, 678 So.2d 443 (Fla. 2d DCA 1996) (sexual battery).
What has led to some confusion on the defendant's part is the fact that the judgment erroneously includes a citation to section 775.087, Florida Statutes, for counts one, two, four, and five. Section 775.087 is the weapon enhancement statute. The citation to section 775.087 is a scrivener's error in the judgment, since the jury did not convict the defendant of use of a weapon. We therefore direct that an amended judgment be entered, deleting the citation to section 775.087.
That scrivener's error did not, however, affect the sentencing order. The judgment correctly classifies the levels of the felonies of which the defendant was convicted, and the scoresheet is correctly calculated. The defendant is not entitled to any sentencing relief.
Affirmed; remanded for correction of scrivener's error in judgment.
NOTES
[1] With respect to the claim of scoresheet error on the sexual battery counts, the motion is impermissibly successive. The claim has previously been denied on its merits.

With respect to the claim of scoring error on the kidnapping count, it appears that this claim has not previously been raised. We assume for present purposes that it is cognizable as a motion under Florida Rule of Criminal Procedure 3.800(a).
[2] The crime dates were March 19 and 24, 1990.
[3] The verdict indicates that the jury found defendant guilty of kidnapping without a weapon. Thus, there was no enhancement of this offense under subsection 775.087(1), Florida Statutes.