PLEUS, J.
Joan Ewell appeals her judgment and sentence for violation of probation. We reject her argument that the trial court abused its discretion in finding that she had the ability to pay restitution and willfully failed to do so. We do find, however, that the trial court’s upward departure *437 sentence is not supported by substantial competent evidence. Accordingly, we affirm the judgment but reverse the sentence and remand for imposition of a guidelines sentence.
Ewell argues that the court erred in upwardly departing from the sentencing guidelines. The state fails to address this argument. It simply states:
The trial court submitted two reasons, via oral and written pronouncements, for his decision to depart from the sentencing guidelines: escalating pattern of criminality; and fraudulent use Of medical reports to facilitate continued criminal conduct. (R 85). The trial court, therefore, decided that there were two valid reasons for the departure sentence and that the departure sentence was appropriate in Appellant’s case.
Although the state does not concede error, the trial court did. In its untimely Order Correcting Sentence, the judge conceded that the reasons he gave for upwardly departing were improper and that there was no valid basis for departure. He attempted to re-sentence Ewell within the guidelines but this court denied her motion to relinquish jurisdiction.
We agree with Ewell and the trial court. Her prior record did not constitute an escalating pattern of criminal conduct. See Tessier v. State, 730 So.2d 761 (Fla. 5th DCA 1999). Such a pattern is demonstrated by (1) a progression from nonviolent to violent crimes, (2) a progression of increasingly violent crimes, or (3) a pattern of increasingly serious criminal activity. Id. Like the defendant’s record in Tessier, Ewell’s record displays a pattern of criminal conduct, but not an escalating pattern.
Nor was there evidence to support the court’s finding that Ewell fraudulently used medical reports to facilitate criminal conduct. The only evidence presented was Ewell’s testimony that she was ill, her probation officer’s testimony that she was ill and the medical reports. At the hearing, the judge stated that he chose not to believe Ewell’s testimony and that it appeared to him that she was a professional con woman who conned doctors and used that as a license to steal. The judge later conceded this finding was error. Accordingly, Ewell’s sentence is reversed for imposition of a guidelines sentence.
The next issue raised on appeal concerns scrivener’s errors and the allegedly improper combination of consecutive sentences on multiple counts within a general order. Ewell argues that the judgment is flawed because it reflects the wrong attorney representing her and it reflects that she pled guilty to the violations when, in fact, she contested the violation but was found guilty after a hearing. The state correctly asserts that these errors do not affect the sentence and do not require reversal. However, because the sentence was illegal and requires reversal anyway, the judgment should be corrected on remand. See Bell v. State, 798 So.2d 796 (Fla. 4th DCA 2001); Hill v. State, 796 So.2d 564 (Fla. 3d DCA 2001).
Ewell also argues that combining multiple sentences for multiple counts on a single page of a general sentencing order is improper. This argument lacks merit. General sentences are those which impose a single sentence for multiple counts. For example, imposing a sentence of ten years incarceration for two counts is a general sentence. General sentences are prohibited. Parks v. State, 765 So.2d 35 (Fla.2000). However, the lower court, both orally and in writing, sentenced Ewell to two consecutive terms of five years in prison on counts one and two, for a total of ten years. This sentence was not a general sentence.
*438 We affirm the judgment but reverse the sentence and remand for imposition of a guidelines sentence.
JUDGMENT AFFIRMED; SENTENCE REVERSED, REMANDED.
PETERSON, J., concurs.
SHARP, W., J., concurs in part and • dissents in part, with opinion.